MACK, APPELLANT, *v.* POLSON RUBBER COMPANY, APPELLEE.

[Cite as Mack *v.* Polson Rubber Co. (1984), 14 Ohio St. 3d 34.]

(No. 84-283—Decided November 21, 1984.)

*McLaughlin, McNally & Carlin Co., L.P.A.,* and *Mr. Clair M. Carlin,* for appellant.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Mr. John L. Reyes* and *Mr. Bruce C. Scalambrino,* for appellee.

CELEBREZZE, C.J. The sole issue presented by this appeal is whether an evidentiary hearing is required prior to issuing a judgment entry enforcing a settlement agreement between parties in the absence of a factual dispute as to the existence or the terms of the settlement agreement. Appellant argues that before the trial court may order enforcement of a settlement agreement reached by the parties, the court was required to conduct an evidentiary hearing to factually determine whether a settlement agreement had been reached and, if so, what the terms of that agreement were. Appellant maintains that in the absence of such factual findings, it was improper for the trial court to enforce the settlement agreement.

The syllabus in *Spercel* v. *Sterling Industries* (1972), 31 Ohio St. 2d 36 [60 O.O.2d 20], states:

"1. Where the parties in an action for an accounting and royalties voluntarily enter into an oral settlement agreement in the presence of the court, such agreement constitutes a binding contract.

"2. In order to effect a rescission of a binding settlement agreement entered into in the presence of the court, a party must file a motion to set the agreement aside; and, in the absence of such motion, a trial court may properly sign a journal entry reflecting the settlement agreement."

Thus, under *Spercel, supra,* the trial court does possess the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit since such an agreement constitutes a binding contract. In *Spercel, supra,* a party to a settlement agreement refused to comply with its terms and filed a petition to vacate the agreement. This court refused to allow the unilateral rescission of the settlement agreement solely on the basis that the party seeking rescission had changed his mind and become dissatisfied with the agreement. As we noted in *Spercel, supra,* at 40:

"To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of binding force."

The only difference ostensibly between the instant case and the situation we confronted in *Spercel, supra,* is that in the latter, the settlement agreement was entered into in the presence of the court. Nonetheless, we do not believe that particular distinction is of such a character to take the instant case outside the holding in *Spercel, supra,* for a number of reasons. Initially, appellant made no motion to vacate or set aside the settlement agreement prior to the issuance of the judgment entry enforcing the agreement. Further, appellant's counsel admitted that the parties had entered into a settlement agreement and did not dispute any of the terms or conditions of the agreement. Additionally, the record is silent as to any

request by appellant for an evidentiary hearing to adjudicate either the existence or terms of the settlement agreement.

Accordingly, in the absence of allegations of fraud, duress, undue influence, or of any factual dispute concerning the existence or the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement. Cf. *Morform Tool Corp.* v. *Keco Industries, Inc.* (1971), 30 Ohio App. 2d 207 [59 O.O.2d 320], and *Bolen* v. *Young* (1982), 8 Ohio App. 3d 36.

Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. Brown, Sweeney, Locher, Holmes, C. Brown and J. P. Celebrezze, JJ., concur.