## Quadracast, Inc.
### v.
## Columbia Plastics, Inc.
*[Cite as 2 AOA 250]*

Case No. CA-7875
*Stark County, (5th)*
*Decided March 5, 1990*

For Plaintiff-Appellee: Gerald L. Baker, 1711 Whipple Avenue N.W., Canton, Ohio 44718.

For Defendants-appellants: Maureen Zandel, 500 Courtyard Square, 80 South Summit Street, Akron, Ohio 44308.

PUTMAN, P.J.

This is an appeal from a civil money judgment entered in the Court of Common Pleas of Stark County, Ohio, on May 17, 1989, in favor of the plaintiff, Quadracast, Inc., and against the defendants, Columbia Plastics, Inc., and Frank Bargides, in the amount of $42,393.15 plus interest from the date of judgment and the cost of the action. The record shows that the court has personal jurisdiction over both the defendants Columbia Plastics, Inc., the corporation, and the individual, Frank Bargides. They appeared through counsel at the evidentiary hearing before the Honorable John G. Haas, judge, on May 5, 1989, and, without objection to the form of the proceedings or any other procedural matter, participated in the taking of evidence upon the plaintiff's claim that a contract of settlement had been made and was sought to be enforced.

The court heard sworn testimony on the subject of the contract settlement and entered the judgment appealed from. The testimony at page six of the record supports the promise to pay the sum of $18,000 plus $6,000, for a total of $24,000, and the testimony at page seventeen of the record supports a finding of a promise to pay an additional sum of $18,118.14. The total figure of the settlement supported by testimony was $42,118.54.

The individual appellant Bargides was offered an opportunity to file an affidavit after the hearing for the court's consideration and failed to file anything. Thereafter, the judgment appealed from was entered.

We note that the pleading asking for enforcement of the settlement agreement listed consecutively the amounts of $18,000 in back rent, $6,000 in lease payments, and $18,118.14 in back city water charges.

Two errors are assigned to the judgment. We overrule each of them except that we modify the judgment to reduce it to the amount of $42,118.54, no amendment in a demand for money contained in the pleading having been filed.

Our reasons follow.

## I

The first assignment of error claims that the trial court "lacks jurisdiction to interpret or otherwise modify a consent judgment." This assignment of error is without merit. The trial court had subject matter jurisdiction over a contract of settlement and the parties personally

appeared and participated in the proceedings without objection to any procedural aspect thereof.

## II

The second assignment of error complains of the sufficiency of the evidence to support the judgment. Actually, the evidence only supports judgment in the amount of $42,118.54, as previously outlined above.

We are in complete agreement with the general proposition of law contained in Judge Milligan's dissent. However, they were never called to the attention of the trial court in any procedural form.

The appellant only registered dissatisfaction *after* the trial judge announced the winner. Even the no procedural irregularities were complained of in the trial court.

The matters discussed in the dissent were raised for the first time in the Court of Appeals.

Accordingly, the judgment will be modified to constitute a judgment in the amount of $42,118.54 and, as modified, affirmed.

*Judgment affirmed*
*as modified.*

SMART, J. Concurs and
MILLIGAN, J. Dissents

MILLIGAN, J. - Dissenting:
I RESPECTFULLY DISSENT.

This action began as one for temporary and permanent injunctive relief, coupled with claims for monetary obligations. The Stark County Common Pleas Court granted an *ex parte* restraining order.

Thereafter a hearing was held following which the restraining order was dissolved and the case set for trial on the merits.

In the interim, before trial, the parties apparently settled their difficulties.

Thereafter the court dismissed the case:

It appearing to the Court, that on the 13th day of December, 1988, the within case has been settled, the same is hereby dismissed with prejudice.

All parties hereto agree that any and all releases, agreements or journal entries necessary to comply with this settlement shall be executed by the interested parties.

Judgment Entry, December 14, 1988.

The settlement agreement was never reduced to writing nor its terms ever entered upon the record.

On March 27, 1989, with a new judge on the bench, Quadracast moved the court for an order to enforce the settlement agreement. The motion was couched in language not compliant with Civ. R. 60(B), but was styled "Motion For Order Enforcing Settlement."

On May 5, 1989, the trial court held a hearing on the motion to enforce the settlement agreement. Only the president of plaintiff-corporation, Mr. William Tschantz, testified as to the terms of the verbal settlement agreement. Further, the court had the affidavit of plaintiff's counsel defining her recollection of the settlement terms. Defendant did not appear, but offered argument through their counsel that defendant's recollection of the settlement agreement deferred from plaintiff's. The court adopted the settlement terms as postulated by plaintiff and rendered judgment against defendants for $42,393.15, plus interest from the date of judgment and costs of the action.

The trial court never heard evidence to support the claim of the original complaint.

Defendants appeal:
## I
The trial court lacks jurisdiction to interpret or otherwise modify a consent judgment.

## II
The trial court committed reversible error where its judgment finding appellant individually liable was against the manifest weight of the evidence.

The issue: Procedurally, how does a party enforce a verbal extra-judicial settlement agreement, post dismissal, where neither the settlement agreement nor its terms are a matter of record?

*Pre-Dismissal.* In *Bolen v. Young* (1982), 8 Ohio App.3d 36, 45 N.E.2d 1316, plaintiff sought damages from defendant for faulty roof repair work. The trial court entered the following docket entry "3/25/82--Case settled by agreement of all parties--Judgment Entry to follow by 4/16/82." On April 23, 1982, plaintiff sought an order from the trial court to compel defendants to comply with the verbal settlement agreement. Defendant submitted a memorandum in opposition to the motion to compel, but no hearing was ever held. On May 27, the court

filed an "AGREED ENTRY" signed by the trial judge and plaintiff's counsel. The entry stated that the case had been settled and by terms of the agreement, defendants were ordered to do certain work on plaintiff's residence.

The court held:

"If the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to a settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ. R. 15(E), setting out the alleged agreement and breach." *Bolen, supra,* at 1218.

The trial court's decision in *Bolen* was reversed because the trial court was without authority to enforce the settlement agreement without an evidentiary proceeding to determine if the parties in fact entered into a binding contract for settlement. *Bolen, supra.* See also *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 470 N.E.2d 902; *Ohio State Tie and Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 309 N.E.2d 1309; *Caserta v. McSwain* (Dec. 29, 1987), Franklin App. No. 87AP-611, unreported; *J. Walland, Executor of the Estate of LeLand Rinehart v. Mary Rinehart* (Mar. 26, 1987), Cuyahoga App. Nos. 51935 and 52672, unreported.

Two months after deciding *Bolen*, the Tenth District Court of Appeals held in Paris Lumber:

"Reduced to its simplest terms, a settlement agreement is a contract. The party asserting the contract (settlement agreement) must prove by a preponderance of the evidence the existence of the elements of the contract, including offer, acceptance and consideration both as to the existence of the contract and as to its terms." *Paris Lumber, supra,* at 13, 14.

In *Mack*, another pre-dismissal case, the Supreme Court of Ohio circumscribed *Bolen* by holding that an evidentiary hearing prior to signing a journal entry reflecting a settlement agreement was not required where the parties agreed that a settlement agreement was extant and had agreed upon terms. Disenchantment with the settlement agreement cannot serve as grounds to require an evidentiary hearing. Only when a party makes a claim of fraud, duress, or undue influence, or any factual dispute concerning the existence or the terms of a settlement agreement is the court bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement. *Mack, supra.*

*Post-Dismissal.* The critical distinction between the above cited cases and the case *sub judice* is that the judgment enforcing the settlement agreement (and the motion to enforce the settlement agreement) were made while the case was pending. Here, the case was dismissed.

I would conclude that after the case was dismissed, the party aggrieved by the breach of a contract of settlement (not part of the record in the case) may: (1) institute an independent action for breach of contract, (*Bolen*); or (2) seek relief from judgment pursuant to Civ. R. 60(B), satisfying one of the grounds, (*Paris Lumber*). If the court grants such relief, the party claiming favor of the settlement should request Civ. R. 15(E) amendment of the complaint or try the merits of the original action.

I would reverse and dismiss.