**Muckleroy v. Muckleroy**
*[Cite as 7 AOA 345]*

*Case No. 14443*
*Summit County, (9th)*
*Decided September 5, 1990*

*Richard W. Shrake, II and Lee Davies, 824 Society Bldg., 159 South Main St., Akron, Ohio, for Plaintiff.*

*C. Donald Morris, 1706 Ohio Edison Bldg., Akron, Ohio 44308, for Defendant.*

BAIRD, J.

This cause comes before the court on the appeal of Sandra Muckleroy from the judgment entered by the trial court. We reverse.

Sandra, appellant, and Lewis M. Muckleroy, appellee, were married in 1962. Two children were born as issue of the marriage and are now fully emancipated. On September 27, 1989, Lewis filed a complaint for divorce, alleging that Sandra was guilty of gross neglect of duty and extreme cruelty. Sandra never responded to the complaint.

On November 29, 1989, a hearing was held at which Sandra and Lewis, both represented by counsel, appeared. Immediately prior to the bearing, settlement negotiations were held between Lewis and counsel for both parties. Sandra did not take part in the negotiations. However, her attorney, Mr. Bantz, indicated in a subsequent affidavit that he had fully advised Sandra of each proposal as it was made, and that she eventually had agreed to a property settlement and alimony.

At the hearing, the referee was advised that a settlement agreement had been reached by the parties. Neither the agreement, nor its terms, were read into or memorialized on the record. The referee's report merely states: "Agreement to be included in decree."

Following the referee's hearing, Lewis's attorney prepared a Judgment Entry of Divorce and a Judgment Order containing the terms of the purported agreement. These were mailed to Bantz with a letter instructing Bantz to return the signed documents to Lewis's attorney "so that I can file this on December 15, 1989." Sandra refused to sign either document. Bantz then withdrew as her counsel.

Several weeks later, Lewis's attorney submitted the judgment entry and the judgment order to the trial court. The record does not reflect any notice to Sandra of this filing. Neither document was signed by Sandra or her attorney. Instead, the following was typed onto the signature lines for Bantz: "12/6/89 Withdrew as Counsel." On January 2, 1990, the trial court adopted both documents and entered the judgment of divorce and order for alimony containing the purported agreement as written by Lewis's attorney.

Three weeks later, Sandra, represented by new counsel, filed a motion for relief from judg-

ment pursuant to Civ. R. 60(B)(1),(3), and (6). Accompanying the motion was Sandra's affidavit in which she denied having entered into the agreement contained in the Judgment Entry of Divorce.

One week later, Sandra filed a notice of appeal to this court. On March 21, 1990, we stayed that appeal and remanded the case to the trial court for a determination on Sandra's motion for relief from judgment. The trial court overruled the motion and Sandra continued this appeal.

### Assignment of Error.

"The trial court erred by approving a Judgment Entry of Divorce, with an agreement pertaining to alimony and property division contained therein, when there is no evidence that it was in fact an agreement entered into by the parties."

A separation agreement is a contract between two parties and therefore is enforceable only if the parties intend to contract on its essential terms. *Emerine v. Emerine* (Oct. 25, 1989), Lorain App. No. 4571, unreported. Sandra argues that she never entered into the separation agreement adopted by the trial court.

Separation agreements may be either written or oral, and may be entered into prior to or at the time of a divorce hearing. *Popovic v. Popovic* (1975), 45 Ohio App. 2d 57, 62. Where the agreement is made out of the presence of the court, the court may properly sign a journal entry reflecting the settlement agreement in the absence of any factual dispute concerning the agreement. See *Mack v. Polson Rubber Co.* (1984), 14 Ohio St. 3d 34. Where, as here, there is such a dispute, the trial court should conduct an evidentiary hearing to adjudicate either the existence or the terms of the agreement before incorporating the agreement into a journal entry. *Id.*

In this case, the trial court failed to make a reliable determination of the existence and/or terms of any settlement agreement between Sandra and Lewis. However, Lewis argues that no such determination was necessary because Sandra failed to object prior to the trial court's entry of judgment. Lewis relies upon *Mack v. Polson Rubber Co., supra*, and *Spercel v. Sterling Industries* (1972), 31 Ohio St. 2d 36, 40, certiorari denied (1973), 411 U.S. 917, for the proposition that, in the absence of a motion to set aside a settlement agreement, the trial court may properly sign a journal entry reflecting the agreement.

Those cases may be distinguished from the case at bar, however, by the fact that the parties opposing the journal entries in each case had notice of motions requesting the journalization of the settlement agreements. Sandra, on the other hands never received any notice of such a motion and, in fact, no such motion was filed. Only the judgment entry of divorce and the order of alimony were filed by Lewis's attorney, and Sandra did not receive notice of this filing.

However, Lewis contends that Sandra had notice of his intent to file the documents from his attorney's letter to Bantz requesting him to return the signed documents so that they could be filed. We do not agree. The letter indicates an intent to file signed and agreed upon journal entries, not an unsigned, and disputed, settlement agreement. Furthermore, there is no indication that Sandra ever saw the letter addressed to Bantz, and Bantz was no longer Sandra's attorney when the unsigned entry and order were filed.

Sandra cannot be required to make a prior objection to court actions of which she had no notice. Because she had no notice, and because of the factual dispute over the agreement, the trial court abused its discretion when it incorporated the purported settlement agreement into its judgment entry.

The assignment of error is sustained and the judgment is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion and the law.

REECE, P.J., and CIRIGLIANO, J., concur.