These cases arise from the construction of the Arthur G. James Cancer Research Institute ("the project") at Ohio State University ("OSU"), Columbus, Ohio. After several years of litigation, a settlement agreement ("the agreement") was reached and executed by all parties in August and September 1993. The agreement was filed with the Ohio Court of Claims on October 1, 1993, and a journal entry approving the agreement was filed on October 4, 1993. Enforcement of the settlement agreement is at issue in these appeals.
Pursuant to the trial court's journal entry approving the agreement, OSU was ordered to pay $300,000 to S.I. Industries, Inc. ("S.I.") to settle S.I.'s contract/delay claims. OSU has released $284,243.86 to S.I. but has refused to pay to S.I. *Page 383 
$15,756.14 on the ground that liens were filed against S.I. by a subcontractor on the project. Pursuant to R.C. Chapter 1311, OSU has placed the contested amount in an escrow account and has refused to pay those sums to S.I. until OSU receives either a release showing that S.I. has paid the liens or an agreement between S.I. and the lien claimant showing a release of the money or a court order requiring OSU to release the money to S.I.
S.I. filed a motion asking the trial court to enforce the settlement agreement and order OSU to pay to S.I. the $15,756.14 being held in an escrow account. On October 6, 1994, the trial court put on an entry denying S.I.'s motion to enforce the settlement agreement until the court had proof that the liens had been satisfied or released. On October 26, 1994, S.I. filed a motion for reconsideration. By entry dated November 3, 1994, the trial court ordered a conference for November 9, 1994 to discuss S.I.'s motion for reconsideration. On November 4, 1994, S.I. filed a notice of appeal from the trial court's October 6, 1994 entry in case No. 94API11-1626. Thereafter, the trial court refused to rule on S.I.'s motion for reconsideration. On November 18, 1994, S.I. filed a motion for relief of judgment, pursuant to Civ.R. 60(B), asking the trial court to vacate its decision and entry dated October 6, 1994. The trial court likewise refused to rule on this motion.
During the pendency of the appeal in case No. 94API11-1626, the parties met with this court's prehearing conference attorney. The parties decided to ask the trial court to exercise its continuing jurisdiction and rule on S.I.'s motions to enforce the settlement agreement and for relief from judgment. The trial court ordered a nonoral hearing for December 20, 1994 and, on December 21, 1994, the trial court put on an entry granting S.I.'s motion for reconsideration but denying S.I.'s motion for relief from judgment. S.I. filed a notice of appeal from the court's December 21, 1994 entry in case No. 95API01-78.
S.I. asserts the following assignments of error for this court's consideration in case No. 94API11-1626:
"Assignment of Error No. 1
"The trial court erred in denying third-party defendant-appellant's motion to enforce settlement agreement.
"Assignment of Error No. 2
"The trial court erred in failing to conduct an evidentiary hearing regarding the motion to enforce settlement agreement."
S.I. asserts the following assignment of error in case No. 95API01-78: *Page 384 
"Assignment of Error No. 1
"The trial court abused its discretion in denying third-party defendant-appellant's motion for relief from judgment."
S.I.'s three assigned errors center around one common issue and will be discussed together. The issue involved in this case is whether the trial court erred in refusing to take any action upon S.I.'s motion to enforce the settlement agreement.
Upon a review of the record, this court concludes that a factual dispute exists concerning the terms of the settlement agreement and how those terms impact on the existence of the liens in question. The Ohio Supreme Court held in Mack v. PolsonRubber Co. (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902, as follows:
"In the absence of allegations of fraud, duress, undue influence, or of any factual dispute concerning the existence of the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement." Id. at syllabus.
In the present case, S.I. acknowledges that certain liens are in existence; however, S.I. argues that those liens were filed of record prior to the date that the settlement agreement was executed by the parties and that the parties were aware of these liens. Unfortunately, there is no evidence in the record showing when those liens were filed. OSU and the Ohio Department of Administrative Services did not make any statements in their briefs concerning when they became aware of the existence of these liens. However, pursuant to R.C. 1311.28, once OSU received notice of the existence of the liens, OSU was required to retain enough money to pay those liens from its payment to S.I. and was required to place those funds in an escrow account until such time as OSU was ordered to pay them by order of a court of competent jurisdiction or until such time as an agreement was reached between S.I. and the lien claimant concerning the payment of those funds.
Clearly, a factual dispute exists concerning the responsibilities of the parties for the payment of those liens to the lien claimant who was not a party to the settlement agreement. This court is not in a position to make a determination as to whether the parties knew about these liens before they executed the settlement agreement and/or how the existence of these liens affects the payment of the amounts due S.I. from OSU in connection with OSU's corresponding duties under R.C. Chapter 1311 and OSU's duties under the settlement agreement. This factual issue must be determined by the trial court and, lacking an evidentiary hearing, neither the record nor the court's entry discloses whether the trial court had any evidence before it from which to reach its decision. As such, pursuant to Mack, supra, the existence of this factual dispute concerning the existence of the terms of the settlement agreement necessitated an evidentiary *Page 385 
hearing in order for the trial court to determine the terms of the settlement agreement, the existence of these liens, and the intent of the parties concerning those liens.
S.I.'s second assignment of error is well taken and is sustained.
In the first assignment of error, S.I. argues that the trial court erred in denying its motion to enforce the settlement agreement. Because there is no evidence in the record from which this court could render a decision concerning whether OSU should be ordered to pay S.I. the $15,756.14, this assignment of error is overruled.
Inasmuch as this court's determination of S.I.'s first and second assignments of error in case No. 94API11-1626 is dispositive of the issue raised in these appeals, S.I.'s sole assignment of error raised in case No. 95API01-78 is rendered moot and is overruled pursuant to App.R. 12(A).
Based on the foregoing, in case No. 94API11-1626, S.I.'s first assignment of error is overruled and S.I.'s second assignment of error is sustained. In case No. 95API01-78, S.I.'s sole assignment of error is overruled. This matter is reversed and remanded to the Ohio Court of Claims for a hearing to determine how the existence of these liens impacts upon the responsibilities of the parties pursuant to the terms of the settlement agreement.
Judgment reversed and cause remanded.
PETREE and CLOSE, JJ., concur.