OPINION
Defendant-appellant, Michael Sharpe, appeals an entry of the Mahoning County Court of Common Pleas ordering him to demolish a two and one-half car detached garage, erected in violation of deed restrictions pertaining to his property.
On November 20, 1997, plaintiff-appellee, Route 46 Development, Inc., filed a complaint against appellant in the Mahoning County Court of Common Pleas. The complaint alleged that appellee was the developer of land known as Deer Spring Run in Canfield Township, that such lands were subject to a declaration of covenants and restrictions which had been filed in Mahoning County, that appellant was in possession of a 1.59
acre lot in said development, and that appellant was currently constructing a house and garage in violation of the deed restrictions. The complaint also stated that appellee had made numerous requests of appellant to cease and desist from further construction, but that appellant refused to abide by the deed restrictions. The complaint sought injunctive relief restraining appellant from further construction, and requiring appellant to remove any structure in violation of the deed restrictions. Appellee also sought a temporary restraining order against appellant, which was granted by the trial court the same day, November 20, 1997.
On December 17, 1997, appellee filed a memorandum in support of preliminary injunctive relief in which it specified that appellant had violated the deed restrictions by constructing a detached two-car garage and an attached three-car garage without submitting construction plans to appellee's Architectural Control Committee. The specific deed restrictions cited by appellee state in pertinent part:
 "a. No dwelling, building, garage, structure, or improvement of any nature shall be commenced, erected, placed, moved onto or permitted to remain on the Properties * * * unless plans, specifications, and drawings of the proposed construction, installation or alteration * * * shall have been submitted to and approved in writing by the Architectural Control Committee as provided in Article IV hereof.
 "b. In addition to the specific restrictions contained herein with this Declaration, lot owners must receive approval of the Architectural Control Committee with respect to the style, design, materials, colors, height, and location of the structure, building or garage and of the plan of location and description of materials to be used on driveways, walkways, fences, walls, trees, and landscaping as provided in Article IV hereof." Article III, Paragraph 1
 * * * "e. No building of any kind shall be erected, placed, altered or suffered to remain on any Lot other than one detached single family residential dwelling * * * and an attached (to the dwelling) private garage designed for not less than two (2) nor more than four (4) motor vehicles." Article III, Paragraph 2
 * * * n. Garages shall be attached to the residential dwelling and shall accommodate not less than two (2) motor vehicles but not more than four (4) motor vehicles as above stated and no garage openings shall face the front toward the street." Article IV, Paragraph 2
The trial court granted appellee's request for preliminary injunction on December 31, 1997.
On April 10, 1998, the trial court entered a judgment entry stating that both parties had consented to a judgment, the terms of which were as follows: that the request for permanent injunction would issue as to a detached two and one-half car garage located on the property, and that appellant was ordered to remove the structure or to otherwise bring the structure into compliance with the deed restrictions. In addition, the trial court's entry stated as follows:
 "Further, the execution of this court's mandatory injunctive order will be stayed for thirty (30) days, or until May 4, 1998, to provide Defendant Michael Sharpe an opportunity to reach reasonable agreement with the plaintiff as to the manner in which he will bring the offending structure into compliance with the Declaration of Covenants and Restrictions of Deer Spring Run Plat No. 1 subject to the approval of Plaintiff Route 46 Development, Inc.
 "If such agreement is not entered into in writing and filed with this court by May 5, 1998, the defendant shall immediately remove the offending structure. If the offending structure is not fully removed by May 15, 1998, the court will order demolition of the structure at defendant's cost. The court retains jurisdiction over this matter to oversee the enforcement of this order.
On June 4, 1990, appellee filed a motion for order of demolition stating that the parties had been unable to come to any agreement with regard to the offending structure, and requesting an order demolishing the structure at appellant's expense. Appellant responded on June 15, 1998 with a motion in opposition to the motion for the order of demolition, stating that negotiations had been ongoing and that appellant was ready, willing and able to attach the garage to the main structure by way of a roof attachment. Appellant contended that such an attachment would bring the structure into compliance with the deed restrictions and requested therefore that appellee's motion be overruled. In an affidavit attached to the motion, appellant stated that he had spoken to the Mahoning County Building Inspector sometime in June of 1998 and that the latter had indicated to him that the proposed roof attachment would comply with the deed restrictions.
On July 14, 1998, the trial court granted appellee's motion and issued an order of demolition. On August 10, 1998, appellant filed a timely notice of appeal from this order. Appellant's sole assignment of error states:
 "The trial court erred in granting appellee greater rights in its subsequent enforcement of a consent judgment than was agreed to by the parties in the original consent judgment."
Appellant argues that the trial court erred in ruling that appellant had failed to comply with the terms of the consent judgment since appellant made every effort to reach an agreement with appellee. In support of this position, appellant offers statements made by his counsel at the hearing conducted by the trial court. However, appellant has not filed a transcript of any such proceedings with this court as part of the record on appeal. Appellant claims that he made every possible attempt to comply with the consent judgment but was thwarted by appellee's refusal to come to an agreement by rejecting all proposals, including those that would have complied with the deed restrictions.
Appellant claims that the trial court impermissibly expanded the scope of the original consent judgment by changing a consent judgment that called for an agreement between the parties into a subsequent enforcement that permitted appellee to unreasonably reject any compliance proposals. Appellant then claims that in entering into the consent judgment, appellant believed that appellee would allow him an opportunity to comply with the deed restrictions and that appellee's failure to do so constituted surprise or mistake, such that a court may grant relief from the consent judgment (citing S. Ohio Coal Co. v.Kidney [1995], 100 Ohio App.3d 661, 669-670). Finally, appellant argues that the consent judgment should be set aside because there exists a factual dispute as to its terms (citingMack v. Poison Rubber Co. [1984], 14 Ohio St.3d 34).
In response, appellee claims that no arguments were made to the trial court with respect to a dispute over the terms of the consent judgment, and so the trial court was not required to conduct an evidentiary hearing. Nonetheless, appellee states that the trial court did indeed hold a hearing, although, as we have already noted, the record on appeal contains no transcript of the proceedings. Appellee claims that at the hearing appellant informed the trial court about his discussions with the Mahoning County Building Inspector, as outlined in appellant's affidavit, but that appellant offered no evidence or argument concerning appellee's purported unreasonable rejection of appellant's proposals. Appellee notes that the consent judgment permits an order of demolition to be entered upon the failure of the parties to file a written agreement by May 5, 1990. Because no such agreement appears in the record, appellee argues that the trial court did not err in issuing the order of demolition.
With regards to appellant's arguments concerning appellee's purported unreasonable rejection of appellant's proposals, appellee notes that this issue was not argued before the trial court, nor was there offered any evidence that appellant submitted any timely proposals for appellee's approval. As such, appellee argues that appellant may not raise this issue for the first time on appeal without first bringing it to the attention of the trial court (citing Stores Realty Co. v.Cleveland [1975], 41 Ohio St.2d 41).
The standard for this court in reviewing orders enforcing settlement agreements is whether the trial court erred as a matter of law. Continental W. Condominium Unit Owners Assoc. v.Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502. That is, this court will affirm the trial court's order unless the order was based on an erroneous standard or a misconstruction of the law. See Id.
The record on appeal indicates that the trial court entered judgment against appellant with respect to the two and one half car detached garage and ordered it demolished or brought into compliance with the deed restrictions. In addition, the trial court stayed its order for thirty days to permit the parties time to reach a reasonable agreement, and stated that if no agreement was put in writing and filed with the court by May 5, 1998, then appellant was to remove the structure. No such agreement was reached and therefore none was filed with the court. Accordingly, the trial court issued its July 14, 1998 ruling in response to appellee's motion requesting that the structure be demolished.
Appellant has failed to point to any error on the part of the trial court. Appellant's claim that appellee unreasonably rejected various proposals submitted by appellant is entirely unsupported by the record. Appellant has failed to provide this court with any evidence that he submitted proposals to appellee, let alone that appellee unreasonably rejected any such proposals. An appellant bears the burden of showing error by reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Appellant claims that evidence of a proposal was offered to the trial court at the hearing on appellee's motion held on July 10, 1998. However, as we have noted, appellant has failed to provide this court with a transcript of proceedings for this court to review. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Id.
Even assuming arguendo that appellant had filed a transcript of proceedings, we fail to see how the portion excerpted in appellant's brief demonstrates error on the part of the trial court. Appellant claims that his counsel told the trial court that:
 "we had attempted to negotiate some sort of settlement since the decree went on. We had submitted various proposals. We had discussions, and we have been unable to resolve this matter. * * * Our proposal would be to attach the particular garage by was [sic.] of a tie-in roof that is consistent with the house in an architecturally pleasing manner, consistent with the covenants in the particular deed, and to provide heat and going through that particular breezeway, attaching it to the home which would make it not an accessory building under the code." Appellant's Brief at 7
Standing alone this excerpt merely states that negotiations had been ongoing and that the parties had failed to reach an agreement by May 5, 1998 as permitted by the consent judgment. There is no suggestion of inappropriate conduct on the part of appellee. In his affidavit, appellant concedes that his proposed roof attachment was not discussed with the Mahoning County Building Inspector until sometime in June of 1998. Appellant also appears to believe that because the Building Inspector was of the opinion that such an attachment would comply with the deed restrictions, that it would therefore necessarily be a reasonable proposal. We note, however, that the deed restrictions in question require the approval of appellee's Architectural Control Committee, not the Mahoning County Building Inspector. The record contains no evidence that any such proposal was submitted to the former.
As well as being unsupported by the record, appellant's argument that the trial court expanded the consent judgment by permitting appellee to reject all reasonable proposals is also a misconstruction of the language contained in the consent judgment. By its own terms, the trial court's order did notorder both parties to reach a reasonable agreement, but rather, stayed execution of the order for thirty days to give the parties an opportunity to reach an agreement. Nothing in the language of the order requires appellee to accept any proposal made by appellant.
With regards to appellant's arguments that the consent judgment should be set aside because of surprise, mistake, or a factual dispute as to its terms, we note only that appellant has not appealed from the consent judgment itself, but instead has filed his notice of appeal from the subsequent order enforcing the consent judgment. If appellant was dissatisfied with aspects of the consent judgment itself, the proper procedure would be to seek to have it vacated by the trial court, which the record indicates appellant has failed to do. In any event, this court will not consider on appeal an error which appellant could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See State ex rel. Quarto MiningCo. v. Foreman (1997), 79 Ohio St.3d 78, 81.
Because appellant has failed to demonstrate that the trial court erred as a matter of law, appellant's sole assignment of error is without merit.
The decision of the trial court is hereby affirmed.
Cox, J., concurs.
Vukovich, J., concurs.
APPROVED:
 _______________________ Gene Donofrio, Judge