OPINION
{¶ 1} Appellant, Philip J. Charvat ("appellant"), filed this appeal from a judgment by the Franklin County Court of Common Pleas granting a motion to enforce a settlement agreement filed by appellees, Credit Foundation of America and TTT Marketing Services, Inc. ("appellees"). For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} Appellant filed this action asserting 35 causes of action for violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and the Ohio Consumer Sales Practices Act ("CSPA") arising from a series of telemarketing calls made to appellant's home. Most of the causes of action were voluntarily dismissed, and the court granted summary judgment as to two of the causes of action, leaving six causes remaining for trial.
 {¶ 3} On December 26, 2007, appellees' counsel sent an e-mail to appellant's counsel stating, in relevant part:
 My client has authorized me to counter offer your recent demand for $10,000 with the following:
 $7,500 to be paid in three equal installments of $2,500 in January, February and March. My client will give you a Judgment for $10,000 which becomes null and void upon receipt of the last payment for $7,500.
 {¶ 4} In response, on December 27, 2007, appellant's counsel sent an e-mail to appellees' counsel stating, in relevant part:
 Mr. Charvat would be willing to accept your client's three payments of $3,000 each on or before January 31, February 29 and March 31, 2008, premised upon a Consent Judgment to be entered in Mr. Charvat's favor awarding him $10,000, which shall be inclusive of damages, attorney's fees and costs.
 Upon receipt of the funds, Mr. Charvat will file and serve a Satisfaction of Judgment.
 {¶ 5} On December 28, 2007, appellees' counsel sent an e-mail to appellant's counsel stating, in relevant part:
 My client has authorized me to accept the settlement terms set forth in your email dated 12/27/07. Please draft the *Page 3 
necessary papers and send them to me and I will have them executed by my client.
 {¶ 6} Appellant's counsel drafted a settlement agreement that stated, in relevant part:
 WHEREAS, CFA and TTT deny that either has violated the law in the manner alleged by Charvat or otherwise; and
 * * *
 16. All parties expressly recognize and agree that this settlement is a compromise of disputed claims, and that the acceptance of the terms and conditions stated in this Agreement is not to be construed as an admission of liability on the part of any party.
 {¶ 7} On January 9, 2008, appellant's counsel sent the settlement agreement to appellees' counsel, along with a proposed judgment entry to be submitted to the trial court for signature. The proposed judgment entry included language stating that appellees' conduct constituted violations of the CSPA. Appellees' counsel filed a motion seeking enforcement of the settlement agreement and an order directing appellant and appellant's counsel to execute the settlement agreement. Appellant's counsel filed a memorandum contra, arguing that the use of the term "consent judgment" in the e-mail premising settlement on the entry of such a judgment, necessarily included a finding of a violation of the CSPA for use in publications of the Ohio Attorney General's office that identify unfair and deceptive practices.
 {¶ 8} The trial court rejected appellant's argument regarding the meaning of the term "consent judgment" and found the terms of the settlement agreement unambiguous. The court therefore granted the motion to enforce the settlement agreement. In its decision and entry, the court concluded: *Page 4 
 Given (1) the threat to the constitutional purposes of the judiciary created by Plaintiff's method of using "consent judgments", and (2) Counsel's ethical obligation to present adverse precedents to a court, this Court believes that Counsel has an ethical obligation to present this decision whenever, in the future, he submits to a court a proposed "consent judgment" that purports to make declarations that might affect the law of Ohio pursuant to RC 1345.09(B).
 {¶ 9} Appellant filed this appeal, asserting three assignments of error:
 Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO ENFORCE SETTLEMENT AGREEMENT WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING.
 Assignment of Error No. 2:
 BECAUSE THERE WAS NO MEETING OF THE MINDS REGARDING THE TERMS OF THE CONSENT JUDGMENT TO BE ENTERED, THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO ENFORCE SETTLEMENT AGREEMENT.
 Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN DECLARING THAT APPELLANT AND/OR HIS COUNSEL HAVE AN ETHICAL OBLIGATION IN FUTURE CASES TO PRESENT ITS DECISION WHENEVER THEY SUBMIT TO A COURT A PROPOSED CONSENT JUDGMENT THAT PURPORTS TO MAKE DECLARATIONS THAT MIGHT AFFECT THE LAW OF OHIO REGARDING THE CONSUMER SALES PRACTICES ACT.
 {¶ 10} For ease of discussion, we will address the first two assignments of error together. Appellant argues that the trial court erred in granting appellees' motion to enforce the settlement agreement because the record shows there was no meeting of the minds regarding the terms of the agreement, and that the trial court erred by failing to *Page 5 
hold an evidentiary hearing prior to granting the motion. In making this argument, appellant makes a distinction between the two separate documents sent to appellees' counsel: the settlement agreement itself and the proposed judgment entry. Appellant does not argue that there was a disagreement regarding the terms of the settlement agreement, but rather that there was a disagreement regarding the terms of the proposed judgment entry, and that this disagreement shows that there was no meeting of the minds between the parties regarding settlement of the case.
 {¶ 11} Initially, we note that agreement on the language of the judgment entry to be used would generally not be required to effectuate settlement of the case. Loc. R. 28 of the Court of Common Pleas of Franklin County, General Division, specifies the procedure to be used when resolving disagreements between counsel regarding the language to be used in a court's entry, and gives the trial court the ultimate authority to resolve such disagreements.
 {¶ 12} Appellant points to the language in the e-mail appellant's counsel sent to appellees' counsel in which he expressly made settlement contingent on entry of a "Consent Judgment" in appellant's favor. Appellant argues that counsel had different understandings of the meaning of the term "consent judgment." In making this argument below, appellant asserted that "consent judgment" has a specialized meaning for purposes of the CSPA that requires an admission of wrongdoing by the alleged violator.
 {¶ 13} Appellant points to no authority for the proposition that the term "consent judgment" as used in CSPA cases has such a specialized meaning, nor does our research show any such meaning. Black's Law Dictionary simply defines "consent judgment" as an "agreed judgment." Black's Law Dictionary (8th Ed.Rev.2004) 324. *Page 6 
"Agreed judgment" is defined as "[a] settlement that becomes a court judgment when the judge sanctions it." Black's Law Dictionary (8th Ed.Rev.2004) 858.
 {¶ 14} Thus, the e-mail sent by appellant's counsel unambiguously set forth the terms of the settlement: a judgment for $10,000 inclusive of damages, costs, and attorney's fees, to be approved by the trial court by signature of a judgment entry reflecting those terms. We also note that the attempt to create an ambiguity in the offer that was made by claiming a disagreement regarding the meaning of the term "consent judgment" is somewhat belied by the contradiction between the settlement agreement, which included language explicitly denying liability on the part of any parties, and the proposed judgment entry, which would have included an explicit admission of a violation of the CSPA by appellees, and appellant does not argue that the discrepancy between the two documents was the result of a mistake.
 {¶ 15} Appellant also argues that the trial court was required to hold an evidentiary hearing before granting appellees' motion to enforce the settlement agreement. Generally, where there is a factual dispute regarding the existence or terms of a settlement agreement, the trial court must hold an evidentiary hearing prior to enforcing the agreement.Mack v. Polson Rubber Co. (1984), 14 Ohio St.3d 34, 14 OBR 335, 470
N.E.2d 902. However, "in the absence of allegations of fraud, duress, undue influence, or of any factual dispute concerning the existence or the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement." Id. at 37.
 {¶ 16} In this case, there was no ambiguity in the settlement offer communicated by appellant's counsel and accepted by appellees' counsel, and counsel agreed to the *Page 7 
terms of the settlement agreement that was drafted. Given these circumstances, we cannot say that the trial court erred in granting appellees' motion to enforce the settlement agreement without holding an evidentiary hearing.
 {¶ 17} Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 18} In his third assignment of error, appellant argues that the trial court exceeded its authority when it stated in its decision and entry granting appellees' motion to enforce the settlement agreement that appellant's counsel has an ethical obligation to disclose the court's decision in future cases in which appellant argues that "consent judgment" has a specialized meaning. Appellant correctly points out that only the Supreme Court of Ohio has the authority in Ohio to determine what an attorney's ethical obligations are. However, because the trial court's statement regarding its opinion of counsel's ethical obligation does not constitute an order or judgment binding on counsel, it is not properly the subject of an appeal. See Civ. R. 54, R.C. 2505.02. Consequently, we need not address appellant's third assignment of error.
 {¶ 19} Having overruled appellant's first and second assignments of error, and having found that we need not address appellant's third assignment of error, we affirm the judgment by the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1