[Cite as *Shelter Growth v. Rucci*, 2017-Ohio-9073.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SHELTER GROWTH | ) | CASE NO. 17 MA 0016 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SEBASTIAN RUCCI, TRUSTEE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                               Pleas of Mahoning County, Ohio
                               Case No. 2015 CV 3244

JUDGMENT:                      Affirmed.

APPEARANCES:

For Plaintiff-Appellant:       Atty. David T. Brady
                               Atty. Brian S. Gozelanczyk
                               Sandhu Law Group, LLC
                               1213 Prospect Avenue, Suite 300
                               Cleveland, Ohio  44115

For Defendants-Appellees:      Atty. James Vitullo
                               Vitullo Law Office
                               5232 Nashua Drive
                               Austintown, Ohio  44515


JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                               Dated:  December 15, 2017

WAITE, J.

**{¶1}** Appellant, Shelter Growth Opportunities Master Fund, LP c/o MBank appeals the January 5, 2017 judgment of the Mahoning County Common Pleas Court dismissing Appellant's complaint for foreclosure filed against Appellees Sebastian Rucci, Trustee of the Vittorio Rucci Irrevocable Trust, Yellow Creek Ledges Condominium Association and the Mahoning County Treasurer. The central issue is whether the trial court erred in granting Appellees' motion to enforce a settlement agreement and dismissing Appellant's case with prejudice. Based on the following reasons, the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** Appellee Rucci executed a note secured by a mortgage on a property located in Youngstown, Ohio on March 1, 2012. After nonpayment on the mortgage by Appellee Rucci, a complaint for foreclosure was filed by Appellant on December 18, 2015 seeking judgment in the amount of $91,350 together with interest at the rate of 14% from May 1, 2015. An answer was filed by Appellees on February 29, 2016 alleging numerous affirmative defenses including standing, fraud, unjust enrichment and unclean hands.

**{¶3}** While the matter was pending, Appellees sold the property at issue and informed Appellant, seeking a payoff statement on the total balance owed. On July 7, 2016, Appellant sent Appellee Rucci a payoff letter which stated:

The following is the payoff figure you requested * * *

Unpaid Principal Balance          $91,350.00

| | |
|---|---|
| Interest | $15,586.23 |
| Negative Escrow Balance | $981.88 |
| Late Charges | $692.77 |
| Corporate Advance | $1,419.05 |
| NSF Fees | $20.00 |
| Total | $110,049.93 |

(11/4/16 Defendant's Motion to Enforce Settlement.)

**{¶4}** The bottom portion of the payoff letter also contained the following language:

Upon timely receipt of good funds for the full amount set forth herein, we will seek to have the action dismissed. You should contact our office 24 hours prior to submitting/wiring funds to ensure no additional fees or costs have been incurred between the date of this payoff and the date of the actual payment.

*Id.*

**{¶5}** It was noted in this same payoff letter that the payoff amount was "good [through] July 20, 2016." *Id.* A delay in closing on the property occurred which extended beyond the July 20th date, at which time counsel for Appellees requested a second payoff letter. Appellant sent a second payoff letter, dated July 21, 2016, containing the same line items as the earlier letter, but containing additional late

charges and interest. In this letter the total payoff amount was $111,488.64. This payoff letter contained the same clause regarding the dismissal of the action for timely receipt of funds with the statement that Appellee Rucci "should" give Appellant 24 hours' notice. This payoff figure was "good through July 31, 2016." *Id.*

**{¶6}** At closing, the title company involved in the sale of the property remitted $111,488.64 to Appellant. Appellant did not have the action dismissed as per the payoff letter. Appellees filed a motion to enforce settlement on November 4, 2016, asserting that payment in the amount required by the payoff letter had been made but the case was not dismissed as stated in the agreement. Appellant filed a brief in opposition, contending that the matter had not been dismissed because one week after closing "due to an unintentional error," the final amount of the payoff stated in the letter was deficient by $22,001.96. The additional amount represented a penalty interest sought by Appellant. Appellant sought to recover this additional money in the trial court, contending that their payoff letters did not constitute a valid settlement offer. In the alternative, if the court found Appellant made a settlement offer, the letters contained a mutual mistake of fact as to the actual balance owed. (12/6/16 Plaintiff's Brief in Opposition to Defendant's Motion to Enforce Settlement.)

**{¶7}** The trial court, without holding an evidentiary hearing, issued a judgment entry dated January 5, 2017 in which it held: (1) the second payoff letter was an enforceable settlement agreement; (2) Appellant had received the amount listed within the payoff letter; and (3) the matter between the parties was settled. The court dismissed the case with prejudice.

**{¶8}**  Appellant presents this timely appeal.

ASSIGNMENT OF ERROR NO. 1

The trial court erred as a matter of law in dismissing the trial court case as it failed to hold an evidentiary hearing as required by law.

**{¶9}**  An appellate court reviews a trial court's dismissal pursuant to Civ.R. 41(B)(2) under an abuse of discretion standard.  The term "abuse of discretion" connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶10}** Appellant contends the trial court erred in failing to hold an evidentiary hearing.  Citing our holding in *Connolly v. Studer,* 7th Dist. No. 07 CA 846, 2008-Ohio-1526, Appellant claims the trial court was required to hold this hearing before dismissing the matter.

**{¶11}** In *Connolly*, we noted that trial courts have the authority to enforce a settlement agreement voluntarily entered into by parties to a lawsuit.  *Id.* at ¶ 16. Where there have been allegations of fraud, duress, undue influence or any factual dispute, the trial court may conduct an evidentiary hearing to determine whether the settlement agreement constitutes a valid contract.  *Mack v. Polson Rubber Co.,* 14 Ohio St.3d 34, 37, 470 N.E.2d 902 (1984).

**{¶12}** Appellant contends there was a factual dispute about whether the parties had a valid settlement contract, as Appellant contends there was a mutual mistake of fact regarding the actual payoff amount.  Appellant claims that Appellees'

failure to contact Appellant 24 hours before remitting payment highlights the problem, because the amount of payoff contained in the letter was not a "final" amount. The amount due would not be "finalized" by Appellant until contact, during that 24 hour period. There was no allegation of fraud, duress or undue influence cited by Appellant in its brief in opposition to the motion to enforce settlement.

{¶13} Because of the 24 hour notice clause, Appellant contends the terms of the settlement were not sufficiently clear, precluding a valid contract. Appellant believes an evidentiary hearing was required to resolve the factual issue of whether all essential terms of the contract existed.

{¶14} In its judgment entry the trial court concluded, "plaintiff seeks substantially more money after receipt of payment, after the closing. The additional funds sought were not alleged in the complaint and were not referenced in either pay-off letter." (1/5/17 J.E., pp. 1-2.) The trial court further noted that the terms of a settlement should be in writing but, where they are not, an oral contract is enforceable from the conduct of the parties. *Id.* at 2.

{¶15} Where the terms of a settlement are unambiguous the trial court is not required to conduct an evidentiary hearing. *Mack, supra.* Here, Appellant sought recovery based on a calculation which represented the unpaid principal on the note as well as numerous other fees including interest, NSF fees, negative escrow and late fees. Not one time was an additional fee for "penalty interest" listed in any amount, especially not the substantial sum of approximately $22,000. In fact, not until after the real estate was sold and the closing completed did Appellant raise the

issue of "penalty interest." The language of the payoff letter dated July 21, 2016 contained all of the essential elements of a settlement agreement. The total balance including fees and penalties was listed as well as the time period during which the offer to settle remained open. The record reveals that the fees Appellant now seeks to collect represent an entirely new category and were incurred, if at all, throughout the entire period of the loan. The 24 hour notice clause was specifically limited to "additional fees or costs * * * incurred between the date of this payoff and the date of the actual payment." It is apparent that the amount now sought by Appellant was not for additional fees or costs incurred only during this short period. The failure to abide by the 24 hour notice period does nothing to invalidate the plain offer and acceptance, here. We also note that the notice was not mandatory, as the letter merely stated that Appellee Rucci "should contact" Appellant, not that he "must." The trial court clearly possessed adequate information with all the essential terms of a contract in order to ascertain that Appellant extended a valid offer to settle which was accepted and executed by Appellees.

{¶16} Therefore, the trial court did not err in failing to conduct an evidentiary hearing on the matter. Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The trial court erred as a matter of law in finding the matter settled as there was no final contract, but merely an offer to contract as there was

no meeting of the minds resulting in an absence of clearly defined terms of a voidable contract.

**{¶17}** Appellant contends the trial court erred in dismissing the action as there was no valid settlement when the parties had no meeting of the minds regarding the essential terms.

**{¶18}** Appellant argues both mutual mistake of fact and also that a mathematical error on the second payoff letter existed that rises to such a level no contract existed. As to this, Appellant argues if Appellees had checked the calculations in this second letter, it would have been apparent a mathematical mistake occurred because if the amounts listed in the letter are accurately calculated the total should have been $110,488.64, not $111,488.64. In other words, the payoff amount reflected $1,000 more than the sum of the fees and penalties listed.

**{¶19}** "A contract may be rescinded under the doctrine of mutual mistake when the agreement is based upon a material mistake of fact or law." *In re Estate of Stamm,* 11th Dist. No. 2005-T-0098, 2006-Ohio-5176, ¶ 25. A mistake is material to a contract when it involves a basic assumption on which the contract was made or it has a material effect on performance under the contract. *Reilley v. Richards,* 69 Ohio St.3d 352, 353, 632 N.E.2d 507 (1994).

**{¶20}** If each party is mistaken about a material element under the contract, there has been no meeting of the minds and no valid settlement contract exists. *Connolly* at ¶ 24. However, a unilateral mistake does not justify granting relief from

performance under a contract. *Kruppa v. All Souls Cemetery of the Diocese of Youngstown,* 11th Dist. No. 2001-T-0029, 2002-Ohio-713, at ¶ 4.

**{¶21}** Any mistake made in either letter as to the amount of the payoff on the loan was made by Appellant and was unilateral. Appellant generated both letters. Each time, and in its complaint, Appellant used the same categories with minor adjustments made for interest and late fees. As to Appellant's contention that their mathematical error essentially overcharging Appellees amounts to mutual mistake, this miscalculation is not a material. It is not a mistake that impacts basic assumptions or performance under the contract. While Appellant's mathematical error resulted in a $1,000 overcharge to Appellees which they paid, this error does not strike at the heart of the contractual provisions that both parties understood.

**{¶22}** As to the claim that failure to include over $22,000 in penalties amounted to a mistake, this is obviously not a mutual error. There was never a line item or discussion in the letters regarding "penalty interest." It is obvious that Appellant failed to list this category amount and include it in the payoff total of either payoff letter during the periods in which the offers remained valid. Appellant's failure in this regard cannot be attributed to any "mistake" on Appellees' part. Moreover, Appellant's allegations that Appellee Rucci failed to comply with a 24 hour notice before payment was made does little to bolster a claim that there was some mutual mistake. As earlier noted, the language of the notice stated that its purpose was to ascertain whether any "additional fees or costs have been incurred between the date of this payoff and the date of the actual payment." The $22,000 in penalty interest

sought by Appellant does not qualify as an additional fee or cost outlined in the notice clause when the category of "penalty interest" appears nowhere in either letter and it is obvious that this amount could not have accrued in the short period between the sending of the second letter and the payoff. In fact, other than Appellant's contention that failure to collect this amount was a mistake only discovered after closing, there is no evidence in the record to support Appellant's claim for the additional funds.

**{¶23}** We conclude the trial court did not abuse its discretion in granting Appellees' motion to enforce settlement and dismissing the foreclosure action. Appellant's second assignment of error is without merit and is overruled.

**{¶24}** Based on the foregoing, Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, P.J., concurs.