[Cite as *Pfouts v. Pfouts*, 2018-Ohio-4554.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHERRIE K. PFOUTS | JUDGES:<br>Hon. John W. Wise, P.J |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 18CA4 |
| MICHAEL G. PFOUTS | |
| Defendant – Appellant | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Knox County Court of Common Pleas, Case No. 16DV11-0224 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 8, 2018 |
| APPEARANCES: | |


| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| ALYSSE L. GILES<br>Giles Law Group<br>109 E. High Street<br>Mt. Vernon, OH  43050 | CHRISTIAN D. ROLAND<br>5179 N. Bank Road<br>Buckeye Lake, OH  43008 |

*Hoffman, J.*

{¶1}   Appellant Michael G. Pfouts appeals the decree of divorce entered by the Knox County Common Pleas Court.  Appellee is Sherrie K. Pfouts.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellee filed the instant divorce action on November 22, 2016.  The parties were married in 1980, and have two children born as issue of the marriage, both adults at the time the action was filed.

{¶3}   On October 12, 2017, the parties appeared before a magistrate in the Knox County Common Pleas Court for a final hearing.  The parties entered into a settlement agreement, which was signed by both parties and the magistrate.   The settlement agreement was filed on October 13, 2017.

{¶4}   Appellee submitted her proposed decree for divorce on January 3, 2018, noting Appellant did not approve the decree because he wished to change the previously agreed upon provisions concerning spousal support to add the condition support would terminate upon the cohabitation of Appellee with an unrelated adult male.  Appellant filed a response, asking the court to modify the proposed decree, adding language which would terminate spousal support upon the death of either party, the marriage or cohabitation of Appellee, or as a result of further court order.  Appellant further requested the court retain continuing jurisdiction to modify the award.

{¶5}   The court signed the proposed decree without modifying the spousal support provisions as requested by Appellant.  It is from the January 22, 2018 decree of divorce Appellant prosecutes this appeal, assigning as error:

THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING PRIOR TO ADOPTING THE PLAINTIFF-APPELLEE'S PROPOSED DECREE OF DIVORCE WHEN THERE WAS A DISAGREEMENT ABOUT THE TERMS OR EVEN THE EXISTENCE OF A COMPLETE SETTLEMENT AGREEMENT.

**{¶6}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

> (E) Determination and judgment on appeal.

> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

> The decision may be by judgment entry in which case it will not be published in any form.

**{¶7}** This appeal shall be considered in accordance with the aforementioned rule.

**{¶8}** Appellant argues the court erred in failing to hold an evidentiary hearing before adopting the proposed decree of divorce. However, in his response to the proposed decree, he did not request an evidentiary hearing, he merely requested terms be added concerning spousal support.

{¶9} The settlement agreement states, "There may be other details to be negotiated upon finalization of entry. By signing below, you are acknowledging that you understand the terms and conditions set forth herein, and agree to be bound by them!!!" Appellant signed the settlement agreement, which included specific terms of spousal support. The form used for the agreement included a line which stated, "Reasons for spousal support to terminate, if any." The line was left blank. The agreement further provided the court shall retain jurisdiction to modify the order in specific circumstances concerning Appellant's retirement. Although the agreement stated other details may be negotiated upon finalization of the entry, the agreement specifically set forth the terms of spousal support, which Appellant agreed to be bound by when he signed the agreement.

{¶10} At the hearing, Appellant testified as follows:

Q  Do you agree to the spousal support arrangement that is $2,500 from you to your soon to be ex-wife until you reach the age of 65?

A  Yes.

Q  And that is qualified by the arrangement with your pension, correct?

A  Yes.

{¶11} Tr. 9.

{¶12} As such, Appellant indicated he agreed to the terms of spousal support as set forth in the signed agreement.

**{¶13}** Appellant relies on *Rulli v. Fan Company,* 79 Ohio St. 3d 374, 683 N.E.2d 337, 1997-Ohio-380, in support of his proposition the court was required to hold an evidentiary hearing prior to entering judgment. In *Rulli,* the Ohio Supreme Court held:

Though upon first examination, the settlement terms as read into the record on June 23, 1993, appear reasonably clear, the parties were subsequently unable to agree upon the meaning and effect of those terms. They were unable to execute a formal purchase agreement and they did not provide the court with an entry as ordered by the court. The parties instead offered varying interpretations of the terms read into the record, and disputed nearly every major element of the purported agreement. Therefore, the language read into the record at the initial hearing reflects, at best, merely an agreement to make a contract.

Given the lack of finality and the dispute that evolved subsequent to the initial settlement hearing, we hold that the trial judge should have conducted an evidentiary hearing to resolve the parties' dispute about the existence of an agreement or the meaning of its terms as read into the record at the hearing, before reducing the matter to judgment. Where parties dispute the meaning or existence of a settlement agreement, a court may not force an agreement upon the parties. To do so would be to deny the parties' right to control the litigation, and to implicitly adopt (or explicitly, as the trial court did here) the interpretation of one party, rather than enter judgment based upon a mutual agreement. In the absence of such a factual

dispute, a court is not required to conduct such an evidentiary hearing. *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902, syllabus.

Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment.

**{¶14}** *Id.* at 376-77.

**{¶15}** The instant case is distinguishable from *Rulli.* The parties did not disagree about the meaning of terms of the settlement agreement, nor was there a dispute contesting the existence of a settlement agreement. Rather, Appellant wanted to change the previous agreement by adding additional terms regarding spousal support. We find the trial court did not err in failing to *sua sponte* hold an evidentiary hearing prior to adopting the proposed decree of divorce submitted by Appellee.

**{¶16}** The assignment of error is overruled.

**{¶17}** The judgment of the Knox County Common Pleas Court is affirmed.  Costs are assessed to Appellant.

By: Hoffman, J.

Wise, P.J.  and

Baldwin, J. concur