TABBAA et al., Appellants,

v.

KOGLMAN, Trustee, et al., Appellees.

[Cite as *Tabbaa v. Koglman*, 149 Ohio App.3d 373, 2002-Ohio-5328.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80376.

Decided Oct. 3, 2002.

David A. Corrado and Jennifer A. Driscoll, for appellants.

Seeley, Savidge & Ebert Co., L.P.A., Douglas P. Whipple and Eric D. Baker, for appellees.

---

FRANK D. CELEBREZZE, JR., Judge.

{¶ 1} The appellants, Khaled Tabbaa and Deema Tabbaa, appeal the judgment of the trial court in adopting terms for a settlement agreement. For the reasons set forth below, we reverse and remand.

{¶ 2} This case is based on an original action between the appellants and the appellees, John C. Koglman, trustee of the Koglman Family Trust, and Irene Koglman. The Tabbaas, lessees of appellees' commercial building, brought an action against appellees asserting claims for breach of the lease and various other claims. Appellees then counterclaimed against the Tabbaas for breach of the lease agreement.

{¶ 3} This matter went to trial, which resulted in a jury verdict in favor of the appellees and an award of $225,000 based on their counterclaim.

{¶ 4} On August 17, 2001, in an effort to aid in the execution of the jury award, the Koglmans filed an "Affidavit and Order and Notice of Garnishment" with the Cleveland Municipal Court. During post-trial motions, the parties

entered into a settlement agreement before the trial court on August 20, 2001. At the hearing, the terms of the settlement were put forth on the record:

{¶ 5} "Mr. Corrado [counsel for Tabbaa]: The agreement for settlement is as follows:

{¶ 6} "The plaintiffs will pay the Koglman Family Trust the sum of three hundred thousand dollars on or before October 4, 2001.

{¶ 7} "Along with the settlement, the Koglman Family Trust will retain the security deposit that it has from the plaintiffs.

{¶ 8} "And the Koglman Family Trust will retain any and all equipment that currently resides in the building at the premises that was in question here.

{¶ 9} "The Court: The equipment and any fixtures that may be in the building?

{¶ 10} "Mr. Corrado: Yes.

{¶ 11} "The Court: And the amount of the security deposit was ten thousand dollars of which the Koglman Family Trust will retain?

{¶ 12} "Mr. Corrado: Yes sir. And then to move along here, the parties will split the cost of this lawsuit.

{¶ 13} "And both the parties have represented to each other that they have no bill of costs that they are going to submit to the clerk's office as part of this litigation.

{¶ 14} "And the parties will execute a full release of all of the parties that were in the suit and their attorneys.

{¶ 15} "And we will be filing an entry of settlement with the Court, which will state that this case has been settled and dismissed with prejudice, and the parties to split costs.

{¶ 16} "And that your Honor has asked us to try and get that done by the end of this week.

{¶ 17} "And everything is dismissed with prejudice, and all current and pending matters, as well as anything else."

{¶ 18} The next day, August 21, 2001, the Cleveland Municipal Court garnished one or more bank accounts over which Khaled Tabbaa was listed as having control. The total amount garnished by the court was $36,713.19.

{¶ 19} After the garnishment action, attorney Corrado refused to allow the signing of the settlement agreement and release because of the addition of parties and terms that would prohibit all future actions based on the appellees' garnishment action. This matter remained unresolved, and the Tabbaas did not render

payment of the $300,000 as had been promised pursuant to the settlement agreement.

{¶ 20} Both sides then filed motions requesting enforcement of the settlement agreement. On October 16, 2001, this matter came before the trial court on the motions, and the trial court issued a journal entry that ordered the following:

{¶ 21} "1. On August 20, 2001, the parties reached a settlement agreement in the presence of the Court and recited the terms of the Settlement Agreement upon the record.

{¶ 22} "2. The Settlement Agreement and Release attached hereto fairly and accurately encompass the material terms of the Settlement Agreement that the parties reached on August 20, 2001.

{¶ 23} "3. Any additional provisions contained in the attached Settlement Agreement and Release are ordered by the Court as being fair and equitable and within the Court's discretion in the enforcement of the August 20, 2001 Settlement Agreement."

{¶ 24} The appellants now appeal the actions of the trial court and assert the following two assignments of error:

{¶ 25} "I. The court abused its discretion and committed prejudicial error by adding new and different terms to a previously entered into settlement agreement."

{¶ 26} "II. The court erred in not holding an evidentiary hearing on the disputed facts in the settlement agreement."

{¶ 27} Appellants' two assignments of error will be combined for purposes of review because they represent elements of the same argument.

{¶ 28} The appellants contend in their first assignment of error that the trial court abused its discretion when it enforced a settlement agreement that included additional terms and parties not agreed to by the appellants in the original settlement agreement. In their second assignment of error, the appellants maintain that because of facts in dispute, the trial court was required to conduct an evidentiary hearing regarding the disputed facts.

{¶ 29} Initially, this court recognizes that a trial court possesses the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit. *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902. However, a trial court will lose jurisdiction to proceed in a matter when the court has unconditionally dismissed an action. *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100. In contrast, "[w]hen an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agree-

ment in the event the condition does not occur." *Berger v. Riddle* (Aug. 18, 1994), Cuyahoga App. Nos. 66195 and 66200, 1994 WL 449397. "The determination of whether a dismissal is unconditional, thus depriving a court of jurisdiction to entertain a motion to enforce a settlement agreement, is dependent upon the terms of the dismissal order." *Le–Air Molded Plastics, Inc. v. Goforth* (Feb. 24, 2000), Cuyahoga App. No. 74543, 2000 WL 218385, citing *Showcase Homes, Inc. v. Ravenna Sav. Bank* (1998), 126 Ohio App.3d 328, 710 N.E.2d 347.

{¶ 30} In the case sub judice, the docket reflects that a hearing was held on August 20, 2001, at which the parties orally agreed to settle the case and recorded parts of the settlement on the record. Following this hearing, the trial court issued a journal entry that settled and dismissed the case and called for a written settlement agreement and release to be submitted to the court later. Therefore, the dismissal was based upon the parties' completion of a condition—a settlement and release. Since the focus of this appeal is on the court's acceptance of the appellees' proposed settlement agreement and release, the trial court therefore maintains jurisdiction to entertain a motion to enforce the settlement agreement.

{¶ 31} The standard of review this court must apply to the actions of the trial court in this case is abuse of discretion. See *Hillbrook Bldg. Co. v. Corporate Wings, Inc.* (Sept. 5, 1996), Cuyahoga App. No. 68619, 1996 WL 502157. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Therefore, in the absence of an abuse of discretion, this court may not disturb the judgment of the lower court. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 569 N.E.2d 875.

{¶ 32} In the instant case, the appellants contend that the action of the trial court amounted to an abuse of discretion when the court failed to hold an evidentiary hearing on the addition of new parties and terms in the revised settlement agreement and release proposed by the appellees.

{¶ 33} "Where the parties in an action * * * voluntarily enter into an oral settlement agreement in the presence of the court, [the] agreement constitutes a binding [and enforceable] contract." *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324, paragraph one of the syllabus. In addition, "[a]n oral settlement agreement requires no more formality and no greater particularity than appears in the law for the formation of a binding contract." *Hillbrook,* supra, at 10; citing *Rodgers v. Rodgers* (May 7, 1987) Cuyahoga App. No. 52015, 1987 WL 11192. The agreement need not be in writing and no funds need be exchanged in order to establish the existence of a

settlement contract. *Walland v. Rinehart* (Mar. 26, 1987), Cuyahoga App. Nos 51935 and 52672; See *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902. "Short of laboriously hammering out a handwritten agreement in court the preferred process is to agree to settle on condition that the language (rather than the terms themselves) can be agreed to in the near future * * *. In the event that a party fails to make a good faith attempt to agree on the language the trial judge can (after hearing) determine the terms and construct a reasonable journal entry outlining the agreement." *Tepper v. Heck* (Dec. 10, 1992), Cuyahoga App. No. 61061, 1992 WL 369283. Therefore, the trial court is required to hold an evidentiary hearing when the party opposing the agreement alleges fraud, duress, undue influence, or any other factual dispute concerning the existence of the terms of a settlement agreement. *Grubic v. Grubic* (Sept. 9, 1999), Cuyahoga App. No. 73793, 1999 WL 703053, citing *Morform Tool Corp. v. Keco Industries, Inc.* (1971), 30 Ohio App.2d 207, 59 O.O.2d 320, 284 N.E.2d 191.

{¶ 34} In the case sub judice, the appellants maintain that there are factual disputes as to the terms of the agreement, namely, the scope of the release as to future actions against the appellees and the identity of those parties who are precluded from relitigation under the court-ordered release, as well as a question as to the inclusion of indemnification in the release.

{¶ 35} Whether or not this court agrees with the final determination of the trial court and its conclusion that the submitted settlement agreement and release accurately represent the material terms set forth by the parties in their August 20, 2001 settlement agreement, the trial court failed to conduct the necessary hearing as warranted by the disputed terms. Although the appellees may maintain that a hearing was conducted in chambers, at which appellant's counsel stated that they did not need to go on record, there were later assertions made by the appellants that there was in fact no hearing regarding the settlement terms. Therefore, the trial court abused its discretion in failing to conduct a hearing before rendering judgment on the proposed settlement agreement and release.

Judgment reversed
and cause remanded.

COLLEEN CONWAY COONEY and DIANE KARPINSKI, JJ., concur.