JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Khaled M. Tabbaa and Deema U. Tabbaa ("the Tabbaas"), appeal from an order of the Cleveland Municipal Court that denied their motion for release of funds. For the reasons adduced below, we find there is a lack of a final appealable order and dismiss this appeal.
 {¶ 2} On July 26, 2001, in Cuyahoga County Common Pleas Case No. CV-397147, a judgment on a counterclaim was rendered in favor of appellee John C. Koglman, Trustee ("Koglman"), and against the Tabbaas for the sum of $225,000. Koglman commenced proceedings in aid of execution of the judgment in Cleveland Municipal Court Case No. 01-CVH-18967. On August 17, 2001, a certificate of judgment was filed in the Cleveland Municipal Court, as well as an affidavit and order and notice of garnishment. On August 21, 2001, the Cleveland Municipal Court garnished the sum of $36,713.19 from accounts over which Khaled Tabbaa was listed as having control.
 {¶ 3} On November 9, 2001, the Tabbas filed a "notice of dismissal and settlement of judgment rendering attachment moot." This pleading informed the municipal court that the original judgment upon which the judgment creditors were seeking a bank garnishment had been settled and dismissed. The Tabbaas claimed that the settlement of the original action rendered the garnishment matter moot. Koglman filed a brief in opposition. Koglman asserted that the parties had agreed to a $300,000 settlement and claimed that unless the Tabbaas were willing to pay the settlement proceeds as agreed, Koglman had a right to execute on the judgment. Koglman also noted that an appeal had been taken with respect to the settlement agreement, Tabbaa v.Koglman, 149 Ohio App.3d 373, 2002-Ohio-5328.
 {¶ 4} In connection with that appeal, this court granted a stay of execution upon the posting of a supersedeas bond in the amount of $300,000. The appeal concerning the settlement agreement resulted in this court reversing and remanding the matter to common pleas court for a hearing on the proposed settlement agreement.[1] During the pendency of the appeal, the Tabbaas filed a request for immediate release of funds with the municipal court. The municipal court denied the motion and ordered the funds to remain with the Clerk of the Cleveland Municipal Court. The Tabbaas are appealing this ruling and have raised two assignments of error which provide as follows:
 {¶ 5} "First assignment of error: The lower court committed prejudicial error by refusing to release funds contained in an improperly garnished bank account to appellant."
 {¶ 6} "Second assignment of error: Appellees' counsel continues to improperly seek release of the garnished funds in question despite the issuance of a supersedeas bond and a stay of execution by this court."
 {¶ 7} The Tabbaas argue that once the settlement agreement replaced the underlying jury verdict, the municipal court no longer possessed jurisdiction to act upon the judgment. The stipulated dismissal entry for the settlement was not filed until September 10, 2001, after the funds had been garnished. Therefore, at the time that the funds were garnished, the municipal court did possess jurisdiction to garnish funds with respect to the judgment. Furthermore, the settlement was disputed by the parties and the case had not reached a final resolution. As we found during the first appeal, the trial court maintained jurisdiction to entertain a motion to enforce the settlement agreement. Tabbaa, 149 Ohio App.3d at 378. In that appeal, we reversed and remanded the matter because the trial court failed to conduct a hearing before rendering judgment on the proposed settlement agreement. Id. at 379. Because the dispute remained pending and the agreement had not been properly reduced to judgment, the original judgment had not been effectively superseded.
 {¶ 8} Although the Tabbaas argue that Koglman's attempts to obtain the garnished funds were in bad faith and have requested an award of attorney's fees, we do not find these attempts improper. As stated by one court: "We find no inconsistency in the attempt by a victorious litigant to recover amounts due him under his judgment when the victor also has a settlement agreement that the defendant has brought into jeopardy by repudiating it and refusing to pay. A victorious party is entitled to take all legal steps to protect his interests and does not waive or abandon any course of action open to him in the absence of an intentional relinquishment of a known right." Juddv. Queen City Metro (1986), 31 Ohio App.3d 88, 91.
 {¶ 9} Because of the lack of finality of judgment in this matter, we revisit the issue of whether this appeal was taken from a final appealable order as provided under R.C. 2505.02(B), which was raised in appellees' motion to dismiss. Since the municipal court ordered that the funds in question were to remain on deposit with the clerk of court, we do not find that a substantial right is affected by the order. We also find that the Tabbaas will be afforded an effective remedy by an appeal following a final judgment as to all proceedings, issues, claims and parties in the action. Upon reconsideration of the issue, we conclude that this action must be dismissed for a lack of a final appealable order.
 {¶ 10} The appeal is dismissed.
Appeal dismissed.
Michael J. Corrigan, A.J., and Dyke, J., concur.
It is ordered that appellees recover of appellants their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] We note that the judgment of the trial court on remand has been appealed to this court in Case No. 84539.