[Cite as *Kelley v. Ferraro*, 2012-Ohio-3353.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97052**

---

# LYNN ARKO KELLEY

PLAINTIFF-APPELLANT

vs.

# JAMES FERRARO, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-589040

**BEFORE:** Kilbane, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEY FOR APPELLANT**

William T. Wuliger
The Brownell Building
1340 Sumner Court
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEES**

John R. Climaco
David M. Cuppage
Jennifer L. Gardner
Scott D. Simkins
Climaco, Wilcox, Peca, Tarantino & Garofoli
55 Public Square
Suite 1950
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Lynn Arko Kelley ("Kelley"), appeals from the trial court's order that designated her lawsuit against attorney James Ferraro ("Ferraro") and Kelley & Ferraro, L.L.P. ("K&F") "settled and dismissed subject to the terms" of the parties' settlement agreement. For the reasons that follow, we dismiss.

{¶2} This matter arises following the remand ordered in *Kelley v. Ferraro*, 188 Ohio App.3d 734, 2010-Ohio-2771, 936 N.E.2d 986, ¶ 84 (8th Dist.). As noted in that opinion, Kelley's husband, Michael Kelley ("Michael"), and Ferraro formed K&F, an Ohio limited-liability law partnership in 1997. Michael died of a heart attack on January 2, 2006, and later that year, Kelley as executor of Michael's estate, commenced this litigation, seeking dissolution, winding up, and an accounting of K&F. She set forth various claims against the law firm and Ferraro, including claims for breach of the partnership agreement, conversion, and other claims, as well as claims arising from Ferraro's handling of the Las Vegas Gladiators arena football team.

{¶3} Following a jury trial in March 2008, the trial court granted the appellees' motion for a directed verdict in favor of Ferraro on all claims, and in favor of K&F on all claims other than Kelley's claim for breach of the agreement. The jury returned a verdict in favor of Kelley and against K&F in the amount of $4.22 million. *Kelley* at ¶ 8.

**{¶4}** Both parties appealed to this court. *Kelley* at ¶ 1. This court affirmed the directed verdict on the claim for conversion of partnership assets and the claims relating to the Gladiators football team, but concluded that Ferraro breached his contractual and fiduciary duties to wind up K&F's affairs following the death of Michael. *Kelley* at ¶ 57, 76. This court reversed as to Kelley's claims against Ferraro pertaining to the K&F partnership, and remanded the matter with instructions that K&F be dissolved, with an accounting and settlement of the estate's interest in the partnership. This court also ordered that a new trial be held on the issue of the damages, if any, resulting from Ferraro's breach of his contractual and fiduciary duties to dissolve and wind up K&F, and on Kelley's claim for conversion of Michael's personal property. *Kelley* at ¶ 91.

**{¶5}** On January 26, 2011, following this court's remand, K&F advised the trial court that it had filed a bankruptcy petition in the Southern District of Florida. On that same date, the trial court stayed the matter and removed it from its active docket. On April 6, 2011, the parties subsequently entered into a confidential settlement agreement. On June 3, 2011, the parties notified the court of the settlement agreement and the dismissal of K&F's bankruptcy petition. The parties filed a "Joint Motion to Continue the Stay in Accordance with the Terms and Conditions of the Parties' Confidential Settlement Agreement."

**{¶6}** On June 17, 2011, the trial court reinstated the case to its active docket for final disposition and entered the following order:

The parties' 06/03/11 "Joint Motion to Continue Stay in Accordance with the Terms and Conditions of the Parties' Confidential Settlement Agreement" is granted in part. Case is hereby designated settled and dismissed subject to terms of the confidential Settlement Agreement approved by the U.S. Bankruptcy Court. This Court retains jurisdiction for the sole purpose of enforcement of said settlement agreement.

{¶7} Kelley maintained that the dismissal of the action undermined her rights as set forth in the settlement agreement, and on July 15, 2011, she filed a motion for relief from judgment pursuant to Civ.R. 60(B). On July 18, 2011, she filed a notice of appeal.

{¶8} Kelley assigns two errors for our review.

{¶9} For her first assignment of error, plaintiff argues that the trial court erred in dismissing this matter because the parties' confidential settlement agreement provided that the case would not be dismissed until plaintiff received payment in full and also set forth provisions giving plaintiff "immediate access to and action by the trial court" in the event of a default.

{¶10} "Ordinarily when there is no case in controversy, there will be no appellate review unless the underlying legal issue is capable of repetition yet evading review." *Safety 4th Fireworks, Inc. v. Ohio Dept. of Commerce,* 7th Dist. No. 02-JE-19, 2003-Ohio-3477, quoting *Adkins v. McFaul*, 76 Ohio St.3d 350, 1996-Ohio-388, 667 N.E.2d 1171, at ¶ 9. In that case, the court noted that the parties may seek enforcement "if and when" a breach occurs. *Accord Apseloff v. Brookside Golf & Country Club*

*Co.*,10th Dist. No. 97APE07-925, 1997 Ohio App. Lexis 6011 (Dec. 23, 1997). ("Given that there is no indication that appellees are questioning the interpretation or validity of the settlement agreement, and that to date appellees have not breached the terms of the settlement agreement, this court holds that there simply is no controversy in this case that presents a justiciable issue."). *Id*. at 7.

{¶11} In this matter, Kelley acknowledges that, to date, there has been no breach of the settlement agreement. Therefore, there is no actual dispute before the court. Kelley complains that "[a]dditional problems are also presented * * * which may have adverse consequences to the plaintiff," dismissal "creates a layer of potential litigation," and enforcement remedies "could be nullified." These claims are purely speculative and are insufficient to create an actual controversy.

{¶12} In any event, when an action is "dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur." *Tabbaa v. Koglman*, 149 Ohio App.3d 373, 2002-Ohio-5328, 777 N.E.2d 338, ¶ 30 (8th Dist.), quoting *Berger v. Riddle*, 8th Dist. Nos. 66195 and 66200, 1994 Ohio App. Lexis 3623 (Aug. 18, 1994).

{¶13} In *Tabbaa*, the trial court dismissed the matter "based upon the parties' completion of a condition — a settlement and release," so the court retained "jurisdiction to entertain a motion to enforce the settlement agreement." *Id.* at ¶ 30. Similarly, in *Le-Air Molded Plastics, Inc. v. Goforth*, 8th Dist. No. 74543, 2000 Ohio App. Lexis 653 (Feb. 24, 2000), the trial court dismissed the matter in a journal entry that also listed the

terms of the parties' settlement, so the court retained jurisdiction to enforce the settlement via a motion to show cause.

**{¶14}** Additionally, a party may file a supplemental pleading in the original action pursuant to Civ.R. 15(E), setting out the alleged agreement and breach. *Bolen v. Young*, 8 Ohio App.3d 36, 38, 455 N.E.2d 1316 (10th Dist.1982).

**{¶15}** In this matter, the parties entered into a settlement agreement on April 6, 2011, and on June 3, 2011, the parties notified the court of the settlement agreement in the "Joint Motion to Continue the Stay in Accordance with the Terms and Conditions of the Parties' Confidential Settlement Agreement." In response to that joint motion, the trial court designated the matter settled and "dismissed subject to terms of the confidential settlement agreement" and the trial court additionally noted that it "retains jurisdiction for the sole purpose of enforcement of said settlement agreement." Therefore, the trial court clearly has jurisdiction to deal with any breaches of the confidential settlement agreement. *Tabbaa*, 149 Ohio App.3d 373, 2002-Ohio-5328, 777 N.E.2d 338.

**{¶16}** In addition, the record indicates that the parties agreed to arbitration in the event of a default in the terms set forth in the settlement agreement. The record also indicates that Ferraro executed a consent judgment that Kelley is permitted to file as an enforcement remedy. Therefore, there is no merit to Kelley's claim that by designating the matter settled and dismissed the trial court divested her of her rights under the agreement.

**{¶17}** For her second assignment of error, plaintiff complains that the trial court did not comply with a remand from this court ordering a ruling on plaintiff's motion for relief from judgment.

**{¶18}** The record indicates that on July 15, 2011, Kelley filed a motion for relief from judgment pursuant to Civ.R. 60(B), challenging the trial court's June 17, 2011 order designating this matter settled and dismissed subject to the terms of the settlement agreement.  On July 18, 2011, Kelley filed a notice of appeal, and on her motion, this court remanded the matter to the trial court for ruling on this motion.  The record further indicates that on May 22, 2012, the trial court denied Kelley's motion for relief from judgment.  Accordingly, this claim is now moot.  App.R.12(A)(1)(c).

**{¶19}** Appeal dismissed.


It is ordered that appellees recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, SR., J., CONCUR