[Cite as *Brown v. Spitzer Chevrolet Co.*, 2012-Ohio-5623.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| EARL W. BROWN, et al., | : | JUDGES: |
|  | : | Patricia A. Delaney, P.J. |
|  | : | John W. Wise, J. |
| Plaintiffs-Appellants | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 00105 |
|  | : |  |
|  | : |  |
| SPITZER CHEVROLET COMPANY | : | O P I N I O N |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:    Civil Appeal from Stark County
Court of Common Pleas Case No.
2006 CV 03850

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    November 29, 2012

APPEARANCES:

For Plaintiffs-Appellees                    For Defendant-Appellant

JOSEPH R. SPOONSTER                    ANTHONY B. GIARDINI
Fortney & Klingshirn                    Giardini, Cook & Nicol, LLC
4040 Embassy Parkway, Suite 280                    520 Broadway, Third Floor
Akron, Ohio  44333                    Lorain, Ohio  44052

*Edwards, J.*

{¶1} Plaintiffs-appellants, Earl Brown, et al., appeal from the May 3, 2012, Judgment Entry of the Stark County Court of Common Pleas overruling their Motion to Re-Open Case and Motion for Enforcement of Settlement and ordering defendant-appellee, Spitzer Chevrolet Company, to pay interest on $40,000.00 for the period from October 2011 until March 9, 2012.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 10, 2006, appellants Earl Brown, Mary Brown and Julius Brown, LLC, filed a complaint against appellee in the Stark County Court of Common Pleas, asserting claims for breach of lease agreement, negligence and unjust enrichment. The matter proceeded to trial before a Magistrate. The Magistrate, in a June 15, 2007 Decision, recommended that appellants be granted judgment against appellee in amount of $503,852.21 plus interest. After objections were filed, the trial court, pursuant to a Judgment Entry filed on January 14, 2008, overruled the objections and adopted the Magistrate's Decision as a final judgment entry.

{¶3} Appellee then filed an appeal and appellants filed a cross-appeal. Pursuant to an Opinion filed in *Brown, et al v. Spitzer Chevrolet Co.*, 181 Ohio App.3d 642, 2009-Ohio-1196, 910 N.E.2d 490, this Court reversed in part and remanded the matter to the trial court to re-determine damages.

{¶4} On September 17, 2009, a mediation conference was held and the case was settled. The Mediation Report, which was filed on September 18, 2009, required appellee to pay appellants $120,000.00. Of this sum, $40,000.00 was payable within 30 days, $40,000.00 was payable one year thereafter, and the remaining $40,000.00 was

payable two years thereafter. The Mediation Report, which was signed by the parties and/or their insurance representative and their counsel, provided that the above amounts were without interest unless appellee defaulted, in which case appellants were "entitled to interest on unpaid balance at 8% per annum from 3/9/05." An Agreed Judgment Entry was filed on February 10, 2010 entering judgment in favor of appellants and against appellee in the amount of $120,000.00. The Agreed Entry incorporated the Mediation Report by reference.

{¶5} Thereafter, on April 6, 2012, appellants filed a Motion to Re-Open Case and Motion for Enforcement of Settlement Agreement. Appellants, in their motion, alleged that appellee had failed to pay its final settlement installment on or before October 17, 2011, that appellants had notified appellee of its default on March 7, 2012 and demanded that appellee pay the settlement with 8% interest from March 9, 2005, and that appellee then issued the final settlement installment, but did not pay interest. Appellants asked the trial court to declare appellee in breach of the parties' settlement agreement, to award them judgment for the unpaid interest at the rate of 8% per annum from March 9, 2005 ($22,400.00 plus $8.77 per day from March 9, 2012), and that the trial court award them reasonable attorney's fees incurred as a result of appellee's breach.

{¶6} Appellee, in its brief in opposition to such motion, noted that it had paid the final $40,000.00 installment within two days after being notified that appellants had not received the same. Appellee alleged that its chief financial officer, who was responsible for making the payments, had left its employment before the final $40,000.00 was due and that his successor was unaware that the same was due near the end of October of

2011. Appellee also maintained that it had offered to pay interest on the $40,000.00 from October of 2011 until March 9, 2012, and that appellant had rejected such offer. Appellee further argued that the parties' agreement did not define a "default," that there was no date for the final payment set forth in the agreement and that appellants wanted to penalize appellee.

{¶7} The trial court, as memorialized in a Judgment Entry filed on May 3, 2012, denied appellants' Motion to Re-Open Case and Motion for Enforcement of Settlement, but ordered appellee to pay interest to appellants on the $40,000.00 for the period from October of 2011 until March 9, 2012.

{¶8} Appellants now raise the following assignments of error on appeal:

{¶9} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO ENFORCE THE TERMS OF THE SETTLEMENT AGREEMENT.

{¶10} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO AWARD REASONABLE ATTORNEY FEES FOR SPITZER'S BREACH OF THE SETTLEMENT AGREEMENT."

I

{¶11} Appellants, in their first assignment of error, argue that the trial court erred when it failed to enforce the terms of the settlement agreement. We agree.

{¶12} Because a ruling on a motion to enforce settlement is an issue of contract law, Ohio appellate courts "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred." *Continental W. Condo. Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 1996-Ohio-158, 660 N.E.2d 431.

{¶13} Settlement agreements are contractual in nature and, as such, basic principles of contract law apply. *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 1997-Ohio-380, 683 N.E.2d 337. "'[A] valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof.'" *Id.* at 376, quoting *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). Additionally, the terms of the settlement agreement must be reasonably certain and clear. *Id.*

{¶14} When the parties to a lawsuit have entered into a binding settlement agreement, the trial court has the authority to enforce that settlement. *Tabbaa v. Koglman,* 149 Ohio App.3d 373, 377, 2002-Ohio-5328, 777 N.E.2d 338, citing *Mack v. Polson*, 14 Ohio St.3d 34, 470 N.E.2d 902 (1984).

{¶15} As an initial matter, we note that appellee argues that the trial court should have held an evidentiary hearing on appellants' motion. In the case sub judice, the terms of the settlement agreement are not in dispute. Therefore, no hearing was required on its motion before the trial court. *Rulli* at syllabus. Moreover, appellee did not request that a hearing be held.

{¶16} In the case sub judice, the parties' agreement clearly and unambiguously provided that the first $40,000.00 installment was due within 30 days of the September 17, 2009, mediation conference, that the second was due one year later, and that the third and final $40,000.00 installment was due two years later. The agreement further provided that the above amounts were without interest unless appellee defaulted, in which case appellants were "entitled to interest on unpaid balance at 8% per annum from 3/9/05."

**{¶17}** There is no dispute that appellee timely made the first two payments and that the third and final payment was not timely made. Appellee, by its own admission, did not make the final payment until on or about March 9, 2012, which is a clear breach of the terms of the parties' settlement agreement.   As noted by the trial court in its May 3, 2012 Judgment Entry, "[p]ursuant to the payment terms, [appellee] was to make its final installment payment on or before October 17, 2011. [Appellee] failed to do so." We find, based on the foregoing, that the trial court erred in overruling appellants' Motion for Enforcement of Settlement.

**{¶18}** Appellants' first assignment of error is, therefore, sustained.

II

**{¶19}** Appellants, in their second assignment of error, argue that the trial court erred as a matter of law when it failed to award reasonable attorney's fees for appellee's breach of the settlement agreement.  We agree.

**{¶20}** "…Ohio adheres to the rule that 'a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation.' *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, at ¶ 7. However, attorney fees are allowed as compensatory damages when the fees are incurred as a direct result of the breach of a settlement agreement. See *Raymond J. Schaefer, Inc. v. Pytlik,* 6th Dist. No. OT–09–026, 2010-Ohio-4714, 2010 WL 3820552, ¶ 34; *Tejada–Hercules v. State Auto. Ins. Co.,* 10th Dist. No. 08AP–150, 2008-Ohio-5066, 2008 WL 4416534, ¶ 10. The rationale behind the exception for allowing attorney fees expended as a result of enforcing a settlement agreement is that 'any fees incurred after the breach of the settlement agreement were relevant to the determination of compensatory damages,

including those fees [a party was] 'forced' to incur by filing the action.' *Tejada–Hercules* at ¶ 10." *Berry v. Lupica,* 196 Ohio App.3d 687, 2011-Ohio-5381, 965 N.E.2d 318, ¶ 19.

{¶21} We find that appellants were entitled to an award of attorney's fees as compensatory damages because those fees were incurred as a direct result of appellee's breach of the settlement agreement. "When a party breaches a settlement agreement to end litigation and the breach causes a party to incur attorney fees in continuing litigation, those fees are recoverable as compensatory damages in a breach of settlement claim. Because defendant's attorney fees are attributable to and were incurred as the result of plaintiffs' breach of the settlement agreement, defendant is entitled to recover those fees in order to make whole and compensate him for losses caused by plaintiffs' breach." *Shanker v. Columbus Warehouse Ltd. Partnership*, 10th Dist. No. 99AP-772, 2000 WL 726786 (June 6, 2000), 5.

**{¶22}** Appellant's second assignment of error is, therefore, sustained.

**{¶23}** Accordingly, the judgment of the Stark County Court of Common Pleas is, reversed. This matter is remanded to the trial court for further proceedings.

By: Edwards, J.

Delaney, P.J. concurs and

Wise, J. dissents

_____

_____

_____

JUDGES

JAE/d0911

*Wise, J. dissenting*

**{¶24}** I respectfully dissent from the majority decision as to its disposition of Assignment of Error II.

**{¶25}** Upon having reviewed the decision of the Tenth District in *Shanker v. Columbus Warehouse Limited Partnership, et al.*, 10th Dist. App. No. 99AP-772, relied upon by the majority, we find such unpersuasive. I find the better analysis to be that contained in the decisions of the Ninth District in *Technical Construction Specialties, Inc. v. New Era Buildins, Inc.*, 9th Dist. App 25776, 2012-Ohio-1328 and the Sixth District's decision in *Raymond J. Schaefer, Inc. v. Pytlik*, 6th Dist. App. No. OY-09-026, 2010-Ohio-4714. We find that these cases stand for the proposition that while attorney fees incurred as a result of a breach of a settlement agreement are recoverable, a trial court still has discretion in determining whether to award such fees and the amount of such attorney fees. Further, the trial court's decision to award such attorney fees should not be reversed absent an abuse of discretion.

**{¶26}** Finding no abuse of discretion in this matter, I would uphold the trial court's decision to not grant an award of attorney fees in this matter.


JUDGE JOHN W. WISE

[Cite as *Brown v. Spitzer Chevrolet Co.*, 2012-Ohio-5623.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EARL W. BROWN, et al., | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SPITZER CHEVROLET COMPANY | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012 CA 00105 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings. Costs assessed to appellee.

_____

_____

_____

JUDGES