[Cite as *111 N. Main St., Inc. v. Von Allmen Ents., L.L.C.*, 2013-Ohio-5554.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| 111 NORTH MAIN STREET, INC. | C.A. No. 26759 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VON ALLMEN ENTERPRISES, LLC | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. CV 2012-02-1035 |

DECISION AND JOURNAL ENTRY

Dated: December 18, 2013

WHITMORE, Judge.

{¶1} Appellants, Von Allmen Enterprises, L.L.C. and David and Linda Von Allmen (collectively, "Appellants"), appeal from the judgment of the Summit County Court of Common Pleas. This Court affirms in part and vacates in part.

I

{¶2} David and Linda Von Allmen (collectively, "the Von Allmens") are owners of Von Allmen Enterprises, L.L.C. In 2009, Von Allmen Enterprises entered into a lease agreement with Appellee, 111 North Main Street, Inc. In February 2012, 111 North Main Street filed an eviction and breach of contract action against Von Allmen Enterprises for its failure to pay rent and property taxes according to its lease agreement.

{¶3} On July 5, 2012, the parties entered into a settlement agreement, which was read into the record. According to the agreement, Von Allmen Enterprises agreed that it owed between $31,000 and $33,000 in arrearages. The settlement agreement also detailed a repayment

plan for the arrearages, which required Von Allmen Enterprises to pay $11,000 by July 31, 2012, and monthly payments of between $500 and $1,000 thereafter. The Von Allmens gave personal guarantees for payment of the arrearage amount. No payments were ever tendered.

{¶4} On August 14, 2012, the property was sold at sheriff's sale. Approximately one month later, 111 North Main Street filed a motion to enforce the settlement agreement, in which it requested the court enter judgment against Von Allmen Enterprises and the Von Allmens individually for the arrearage amount. Von Allmen Enterprises filed a memorandum in opposition and moved the court to vacate the settlement agreement arguing it was procured by fraud. After a hearing, the court entered judgment against Von Allmen Enterprises and the Von Allmens individually for $31,000.

{¶5} Appellants now appeal and raise three assignments of error for our review. To facilitate the analysis, we rearrange the assignments of error.

II

Assignment of Error Number Three

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST DAVID VON ALLMEN AND LINDA VON ALLMEN AS THEY WERE NOT PARTIES TO THE ACTION.

{¶6} In their third assignment of error, the Von Allmens argue that the court erred in entering a judgment against them because they were not parties to the action. Specifically, the Von Allmens argue that the court did not have personal jurisdiction over them, and therefore, the court's entry against them is void. We agree.

> "[A] trial court is without jurisdiction to render a judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings," and "[a] person against whom such judgment and findings are made is entitled to have the judgment vacated." *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184 (1990). "In order for a judgment to be rendered against a defendant when he is not served with process, there must be a

showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156-157 (1984).

*Promotional Prods. Group, Inc. v. Sunset Golf, L.L.C.*, 11th Dist. Portage No. 2009-P-0041, 2010-Ohio-3806, ¶ 61.

**{¶7}** In 2009, Von Allmen Enterprises entered into a lease agreement with 111 North Main Street. In 2012, 111 North Main Street filed a complaint for eviction and breach of contract against Von Allmen Enterprises. The complaint does not name the Von Allmens individually.

**{¶8}** The Von Allmens did appear at the settlement hearing on July 5, 2012. Von Allmen Enterprises' attorney read the terms of the settlement agreement into the record. One term of the agreement was that David and Linda Von Allmen would "give their personal guarantee" for the arrearage amount. After the terms were detailed, the court asked the Von Allmens whether they "accept[ed] [the] settlement that's been stated [ ] on the record." Both the Von Allmens replied, "Yes." The court further asked the Von Allmens if they were both going to personally guarantee the arrearage amount, to which David Von Allmen replied, "Yes." Subsequently, the court entered an order indicating that the case had been settled and dismissed the action. The court retained jurisdiction to enforce the settlement agreement.

**{¶9}** Approximately two months later, 111 North Main Street filed a motion to enforce the settlement agreement. This motion was filed as part of the eviction and breach of contract case. Von Allmen Enterprises filed a memorandum in opposition and a motion to set aside the settlement agreement. Neither David nor Linda Von Allmen filed a response to the motion.

**{¶10}** There is no evidence that the Von Allmens were ever joined as parties, were personally served with the motion to enforce, or voluntarily waived personal jurisdiction. While

David Von Allmen did testify at the motion to enforce the settlement agreement hearing, he did so as the owner of Von Allmen Enterprises. There is no evidence that Linda Von Allmen was present.

{¶11} While the record might support the conclusion that the Von Allmens voluntarily entered into a binding contract when they agreed to the terms of the settlement agreement, it does not support the conclusion that the court obtained personal jurisdiction over the Von Allmens to enforce that contract.[1] Because the Von Allmens were not parties to the action and did not waive jurisdiction, the court's judgment entry against them is void. *See State ex rel. Ballard*, 50 Ohio St.3d at 184 ("[A] trial court is without jurisdiction to render a judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings.").

{¶12} The Von Allmens' third assignment of error is sustained, and the judgment against the Von Allmens individually is vacated.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST LINDA AND DAVID VONALLMEN (sic) BASED ON AN ORAL PROMISE TO PERSONALLY GUARANTEE THE AMOUNT OWED BY VON ALLMEN ENTERPRISES, LLC TO 111 NORTH MAIN STREET, INC, IN VIOLATION OF THE STATUTE OF FRAUDS (R.C. 1335.05).

{¶13} In their second assignment of error, the Von Allmens argue that the court erred in enforcing their oral guarantee of the settlement agreement. Specifically, the Von Allmens assert that the statute of frauds prevents the court from enforcing their oral guarantee to be personally liable for the arrearage amount. However, in light of our resolution of their third assignment of

---

[1] We do not reach the issue of whether 111 North Main Street can maintain a breach of contract claim against the Von Allmens as it is outside the scope of this appeal.

error, their second assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

Assignment of Error Number One

THE TRIAL COURT ERRED BY ENTERING A JUDGMENT AGAINST APPELLANTS THAT WAS OUTSIDE THE SCOPE OF THE PARTIES' SETTLEMENT AGREEMENT.

**{¶14}** In their first assignment of error, Appellants argue that the court erred in entering a judgment that was outside the scope of their settlement agreement. Specifically, the judgment went beyond the agreement by (1) awarding back taxes that were never paid, (2) entering a judgment for a lump sum, and (3) entering a judgment for a breach of the settlement agreement.

**{¶15}** As discussed above, the trial court did not have personal jurisdiction over the Von Allmens. Because the judgment entry against the Von Allmens has been vacated, Appellants' first assignment of error, as it relates to the Von Allmens, is moot, and we decline to address it. *See* App.R. 12(A)(1)(c). We now limit our analysis to the judgment against Von Allmen Enterprises.

**{¶16}** "The result of a valid settlement agreement is a contract between parties * * *." *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997). Settlement agreements are designed to prevent or end litigation and are highly favored as a means of resolving disputes. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996); *State ex rel. Wright v. Weyandt*, 50 Ohio St.2d 194, 197 (1977). A trial court possesses the authority to enforce a valid settlement agreement. *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 36 (1984).

**{¶17}** A settlement agreement that is voluntarily entered into by the parties is a binding contract and is subject to enforcement under standard contract law. *Consolo v. Menter*, 9th Dist.

Summit No. 25394, 2011-Ohio-6241, ¶ 11, citing *Rulli* at 376. As such, it cannot be unilaterally repudiated. *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 40 (1972). "To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity * * *." *Id*.

{¶18} "The standard of review this Court applies to a trial court's ruling on a motion to enforce a settlement agreement depends upon the question presented and may involve mixed questions of law and fact." *Brown v. Dillinger*, 9th Dist. Medina No. 05CA0040-M, 2006-Ohio-1307, ¶ 7. "If the dispute involves a question of law, this Court must review the trial court's decision de novo 'to determine whether the trial court's decision to enforce the settlement agreement is based upon an erroneous standard or a misconstruction of the law.'" *Id*. at ¶ 8, quoting *Kaple v. Benchmark Materials*, 3d Dist. Seneca No. 13-03-60, 2004-Ohio-2620, ¶ 4. *Accord Ohio Metal Servs, L.L.C. v. All-In Metals*, 9th Dist. Summit Nos. 26240 & 26625, 2013-Ohio-2174, ¶ 17.

{¶19} At the settlement hearing, Von Allmen Enterprises acknowledged that it owed 111 North Main Street between $31,000 and $33,000 in arrearages. The exact figure was not ascertainable at that time because Von Allmen Enterprises was due a credit for a certain percentage of the utilities it had already paid. Both parties agreed that the figure could be calculated and that the final figure would be between $31,000 and $33,000. In exchange for the dismissal of the lawsuit, Von Allmen Enterprises agreed to pay $11,000 of the arrearages by July 31, 2012, and then to make subsequent monthly payments, ranging from $500 to $1,000, toward the balance. There was no discussion about what should happen if either party breached the agreement. The court entered an order noting that the parties had settled the case and that the court retained jurisdiction to enforce the settlement agreement.

{¶20} Von Allmen Enterprises failed to make any payments as required by the agreement. On August 14, 2012, the property was sold at sheriff's sale. Subsequently, 111 North Main Street filed a motion to enforce the settlement agreement and requested the court enter a judgment against Von Allmen Enterprises for the arrearage amount. Von Allmen Enterprises filed a memorandum in opposition and moved the court to set aside the settlement agreement, arguing that the settlement agreement had been procured by fraud. After a hearing, the court entered judgment for $31,000 against Von Allmen Enterprises.

{¶21} Von Allmen Enterprises argues that the court's judgment is outside the scope of the settlement agreement because the judgment amount included taxes that 111 North Main Street had not paid and will never pay. However, this was not a condition of the settlement agreement.

{¶22} At the settlement hearing, Von Allmen Enterprises acknowledged that it owed 111 North Main Street at least $31,000 in arrearages. As part of the settlement agreement, Von Allmen Enterprises agreed to pay between $31,000 and $33,000 and to forego any affirmative defenses in exchange for 111 North Main Street's dismissal of the case. This formed a binding contract. The contract did not contain any condition for 111 North Main Street to pay taxes. Therefore, Von Allmen Enterprises cannot now dispute the $31,000 amount by arguing that it includes taxes that were never paid by 111 North Main Street. Regardless of what 111 North Main Street paid, Von Allmen Enterprises agreed to pay at least $31,000.

{¶23} Von Allmen Enterprises argues that the court erred in entering a judgment for $31,000 because the settlement agreement did not contain an acceleration clause. However, the settlement agreement does not contain any discussion of what should happen if one of the parties defaults on the agreement.

**{¶24}** There is no dispute that Von Allmen Enterprises owed 111 North Main Street at least $31,000 in arrearages. Having already admitted that it owed this amount, we cannot conclude the judgment is beyond the trial court's enforcement authority. *See Technical Constr. Specialties, Inc. v. New Era Builders, Inc.*, 9th Dist. Summit No. 25776, 2012-Ohio-1328, ¶ 21, citing *Mack*, 14 Ohio St.3d at 36 ("[A] trial court possesses full authority to enforce a settlement agreement voluntarily entered into by the parties.").

**{¶25}** Lastly, Von Allmen Enterprises argues that the court's judgment is outside the scope of the settlement agreement because the agreement did not expressly permit the court to enter a judgment against them in the event of a breach. Von Allmen Enterprises cites no authority to support its argument.

**{¶26}** Von Allmen Enterprises agreed that it owed 111 North Main Street at least $31,000 and failed to make payments on this debt as agreed. Because Von Allmen Enterprises breached the terms of the agreement, the court entered judgment against it for $31,000. Having found no law to the contrary, we conclude the court's judgment was within its authority to enforce the settlement agreement.

**{¶27}** Appellants' first assignment of error, as it relates to Von Allmen Enterprises, is overruled. Appellants' first assignment of error, as it relates to the Von Allmens, is moot.

III

**{¶28}** The Von Allmens' third assignment of error is sustained. Appellants' first assignment of error, as it relates to the Von Allmens, and their second assignment of error is moot. Appellants' first assignment of error, as it relates to Von Allmen Enterprises, is overruled. The judgment of the Summit County Court of Common Pleas, as it relates to the Von Allmens individually, is vacated. The judgment, as it relates to Von Allmen Enterprises, is affirmed.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
CONCURRING.

{¶29} I concur in the opinion of the majority. However, I write separately to clarify why I believe the trial court lacked jurisdiction to hold the Von Allmens personally liable.

{¶30} In *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984), the Ohio Supreme Court held that personal jurisdiction over a defendant "may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal

representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. *The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure.*" (Emphasis added.) Here, 111 North Main Street never properly brought a claim against the Von Allmens in their personal capacities because it did not name the Von Allmens as parties in the complaint, it did not seek leave to join them as parties, and the trial court did not sua sponte order their joinder prior to accepting the settlement. *Compare Bitter v. Jones*, 6th Dist. Ottawa No. OT-99-075, 2000 WL 966021, *3 (rejecting appellant's claim that trial court lacked personal and subject matter jurisdiction based upon appellant's non-party status where trial court properly added appellant as a party under Civ.R. 21.); *see* Civ.R. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.")

**{¶31}** Had they been named or joined in their personal capacities, I believe that, at minimum, Mr. Von Allmen's appearance in court, where he personally guaranteed the arrearage amount, would have constituted a waiver of the "defense" of personal jurisdiction. However, his appearance and personal guarantee cannot operate to confer jurisdiction over him on a claim which was never brought against him.

CARR, J.
<u>CONCURRING IN PART AND DISSENTING IN PART.</u>

**{¶32}** I concur with the majority's resolution of the third assignment of error because David and Linda Von Allmen were not named as parties in the complaint, and there is nothing in the record to indicate that 111 North Main Street amended its complaint to add them as parties. I agree that this resolution renders the second assignment of error moot.

**{¶33}** I respectfully dissent with respect to the majority's resolution of the first assignment of error. I agree with Von Allmen Enterprises that, in the absence of an acceleration clause in the settlement agreement, the trial court had no authority to order the entity to pay the full amount owed in a lump sum payment.

**{¶34}** The majority correctly observes that a settlement agreement constitutes a contract between the parties to the settlement. *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997). It has long been recognized that "[c]ourts will compel parties to perform contracts in accordance with their terms; but they have no power to and will not make contracts for persons, and compel the execution of them." (Internal quotations omitted.) *Bretz v. Union Central Life Ins. Co.*, 134 Ohio St. 171, 177 (1938). In this case, the trial court disregarded the terms of the parties' settlement agreement and effectively created a new contract and ordered Von Allmen Enterprises to comply with those new terms.

**{¶35}** The parties' settlement agreement provided that Von Allmen Enterprises would pay an initial lump sum of $11,000 in partial satisfaction of its debt, followed by monthly payments of $500 to $1000, until the entire debt of between $31,000 and $33,000 was fully paid. The settlement agreement did not contain an acceleration clause to address the contingency that Von Allmen Enterprises failed to make timely payments. Other districts have held that it is error for the trial court to render judgment in the full amount of the agreement rather than merely in the amount of the past due installment amounts where the agreement does not contain an acceleration clause. *Campbell v. SSR, Inc.*, Fifth Dist. Knox No. 00CA17, 2001 WL 61082 (Jan. 22, 2001).

**{¶36}** The Eleventh District, too, addressed the trial court's order awarding judgment in the full amount of the contract which by its terms provided for installment payments:

> [T]he general rule is that each default in payment may give rise to a separate cause of action, and breach of an installment payment contract by nonpayment is not a total breach of contract. Parties can avoid the operation of this rule by inclusion of a so-called acceleration clause in their agreement. The parties in the case at bar did not include an acceleration clause in their agreement, which by all accounts was very informal. Therefore, the trial court erred by rendering judgment for the full amount of the contract rather than just the unpaid installments that were past due.

(Internal citations omitted.) *Humitsch v. Collier*, 11th Dist. Lake No. 99-L-099, 2001 WL 20733 (Dec. 29, 2000).

{¶37} I agree with the holdings and reasoning of our sister districts. 111 North Main Street could have required the inclusion of an acceleration clause in the event of Von Allmen Enterprises' breach of its obligation to make timely installment payments. It did not. Accordingly, it could only recover damages concomitant with Von Allmen Enterprises' partial breach. Therefore, the trial court erred by rendering judgment in the full amount of the contract rather than in the amount of the past due payments. For these reasons, I would sustain the first assignment of error and reverse the trial court's judgment.

APPEARANCES:

JOY S. WAGNER, Attorney at Law, for Appellants.

JOHN M. HERNSTEIN, Attorney at Law, for Appellee.