[Cite as *Phillips v. Columbia Res., Ltd.*, 2021-Ohio-1231.]

STATE OF OHIO         )                  IN THE COURT OF APPEALS
                           )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

GERALD W. PHILLIPS, et al.           C.A. No.     20CA011634

     Appellants

     v.                         APPEAL FROM JUDGMENT
                                ENTERED IN THE
COLUMBIA RESERVE LTD.         COURT OF COMMON PLEAS
                                COUNTY OF LORAIN, OHIO
     Appellee                 CASE No.     19 CV 198230

DECISION AND JOURNAL ENTRY

Dated: April 12, 2021

SUTTON, Judge.

{¶1} Plaintiffs-Appellants, Gerald W. Phillips and Phillips & Co. LPA, (collectively known as "Phillips"), appeal the judgment of the Lorain County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**The Complaint**

{¶2} This matter arises from a Complaint filed by Phillips against Defendant-Appellee, Columbia Reserve Ltd. ("Columbia Reserve"), for breach of contract. In the Complaint, Phillips alleged that Columbia Reserve contracted with his law firm to "perform legal services with respect to [Columbia Reserve's] project known as the Columbia Reserve Subdivision including the development phases[.]" Phillips further alleged that Columbia Reserve owed $28,430.00 to Phillips for these legal services. Phillips attached four exhibits to the Complaint, including an accounting for legal fees dated July 31, 2013.

**Motion to Dismiss**

{¶3}    In response to Phillips' Complaint, Columbia Reserve initially filed a Motion to Dismiss, pursuant to Civ.R. 12(B)(1) and Civ.R. 41, arguing the trial court did not have "subject matter jurisdiction" over the alleged claims based upon a Settlement and Mutual Release Agreement ("Release") which was entered into by parties regarding identical claims in a prior lawsuit.

{¶4}    The trial court denied the Motion to Dismiss because Columbia Reserve's arguments regarding the prior litigation and Release were not properly before the court in a Civ.R.12(B)(1) motion.  In so doing, the trial court stated:

> [Columbia Reserve] argues that this [c]ourt should dismiss [Phillips'] Complaint because the exact same parties have already resolved the claims made by [Phillips] in this matter.  [Columbia Reserve] directs this [c]ourt to a dismissal in Case No. 17CV192138, as well as a [R]elease that was executed by the parties and a canceled check that was cashed by [Phillips] in conjunction with the release and settlement. What [Columbia Reserve] is arguing is not a matter of lack of jurisdiction, but rather *res judicata* and/or claim preclusion.  While there may be an issue for the [c]ourt to consider with regard to those issues in another form/motion, those issues are not properly raised in a Motion to Dismiss pursuant to 12(B)(1).

(Emphasis in original.)   The trial court also indicated that these arguments may be properly considered in another type of motion.

**The Answer and Release**

{¶5}    Columbia Reserve then filed an Answer indicating:

> [Columbia Reserve] [a]dmits the allegations in paragraph 11 of the complaint in part, but states that such representation was terminated long ago, *that all such representation was paid for in full by [Columbia Reserve], and that [Phillips] [] fully released [Columbia Reserve] from any and all liability for any and all representation of [Columbia Reserve] by [Phillips] per the Release* that is attached hereto and incorporated as Exhibit 1.

(Emphasis added.)   Columbia Reserve also alleged that Phillips' claims were barred by the affirmative defenses of: "release, res judicata and/or claim preclusion, accord and satisfaction, waiver, estoppel, laches, expiration of the limitation of actions and unclean hands."

{¶6}   The Release, attached to Columbia Reserve's Answer, stated, in relevant part, that:

* * *

Phillips and their partners, members, officers, directors, shareholders, employees, agents, representatives, insurers, successors, assigns, attorneys and all other persons acting in active concert or participation with them hereby ***irrevocably and unconditionally release***, acquit and forever discharge *Columbia Reserve* and its partners, members, officers, employees, independent contractors, agents, representatives, insurers, successors, assigns, attorneys and all other persons acting in active concert or participation with any of them ***from any and all obligations arising from or relating in any way to the allegations actually raised or which could have been raised in the Lawsuit for Legal Services*** except as specifically provided for herein ***including any and all past, present and future charges, complaints, claims, liabilities, promises, agreements, controversies, damages, actions, cause of action, suits, rights, demands, costs, losses, debts and expenses including attorney fees and costs actually incurred of any nature whatsoever, whether known or unknown, which Phillips now has, owns or holds or claims to have owned or held or which they may at any time hereafter [own or hold] or claim to have owned or held against Columbia Reserve.***

* * *

Gerald W. Phillips warrants and represents that, as the individual and corporate representative executing this [Release] on behalf of Phillips, ***he fully understand[s] this [Release] and is authorized to execute it***.  Gerald W. Phillips, on behalf of Phillips, also warrants and represents that ***this [Release] evidences the full and final settlement of any and all past, present and future claims by Phillips against Columbia Reserve, relating in any way to the claims released herein which were and remain disputed as to liability and amount*** and the consideration of such shall not be construed as an admission of liability by any Party of this [Release] as the same, is and always has been expressly denied.

(Emphasis added.)

{¶7}   Additionally, the Release contained the following pertinent factual information: (1) Phillips performed "Construction Activity Legal Services" and "First Closing Legal Services" for Columbia Reserve regarding the Columbia Reserve Subdivision; (2) Phillips filed and dismissed

Case No. 17 CV 192138, then refiled Case No. 19 CV 197673, relating to payment for these legal services; and (3) the parties agreed that "any claims" they could assert against each other, arising out of these actions, were now fully resolved.

{¶8} On April 11, 2019, George Hrabik, Member, executed the Release on behalf of Columbia Reserve, and on May 2, 2019, Gerald W. Phillips, individually and as an authorized representative of Phillips & Co., LPA, executed the Release. Both signatures were witnessed by notaries public. Further, Columbia Reserve paid Phillips $8,500.00, which fully discharged Columbia Reserve from any and all liability related to the Lawsuit for Legal Services. A copy of the cancelled check in the amount of $8,500.00 from Columbia Reserve to Phillips, dated April 11, 2019, is also attached to the Answer as Exhibit 1.

## Motion for Judgment on the Pleadings

{¶9} Pursuant to Civ.R. 12(C), Columbia Reserve filed a Motion for Judgment on the Pleadings wherein it argued that Phillips could prove no set of facts in support of its claim for breach of contract that would entitle Phillips to relief in this matter. Specifically, Columbia Reserve asserted that Phillips fully released it from any liability and, thus, Phillips' claims are barred as a matter of law. We note that Columbia Reserve also argued the affirmative defenses of *res judicata* and/or claim preclusion based upon the Release and prior litigation.

{¶10} In response, Phillips argued that: (1) the affirmative defense of *res judicata* must be raised on summary judgment, instead of in a motion for judgment on the pleadings; (2) Columbia Reserve improperly attached the Release to its Answer in violation of Civ.R. 7(A); and a motion for judgment on the pleadings is "expressly limited and solely limited to the complaint," and the Release must be "ignored and rejected."

{¶11} The trial court, in granting Columbia Reserve's Motion for Judgment on the Pleadings, specifically referenced the pleadings, including the Complaint and Answer, and also cited the language in the Release, stating:

* * *

In this case, [Phillips] [] brought a claim for breach of contract for payment of legal services rendered by [Phillips] on behalf of [Columbia Reserve]. [Columbia Reserve] has admitted in its Answer that the relationship for representation existed, but states that [Phillips] released [Columbia Reserve] from any further liability for "Construction Activity Legal Services." [Phillips'] Complaint seeks "Builders Legal Services" in connection to [Phillips'] representation as it relates to the construction of the Colombia Reserve Subdivision project.

* * *

Further, the trial court concluded:

* * *

[Phillips'] action for breach of contract involves the exact same parties for claims for legal fees associated with the construction of the Columbia Reserve Subdivision project. *[Phillips] expressly released [Columbia Reserve] from any and all obligations arising from or relating in any way to the allegations actually raised or which could have been raised in the lawsuit for legal services.*

* * *

(Emphasis added.)

{¶12} The trial court also cited the legal standard for *res judicata*, although its analysis focused solely upon the attached Release. In accordance with this Court's precedent, "[a] trial court generally cannot make the factual determinations necessary to determine whether res judicata bars the action without looking outside the pleadings." *Business Data Systems, Inc. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 11. In certain "rare" instances, however, this Court has "previously affirmed a decision of a trial court dismissing a complaint following a motion for judgment on the pleadings based upon the doctrine of *res judicata*."

*Hawke, Inc. v. Universal Well Servs., Inc.*, 9th Dist. Summit No. 25056, 2010-Ohio-4730, ¶ 12. While it is unclear whether the trial court actually relied upon the doctrine of *res judicata*, which based upon *these* pleadings would be improper, this Court's review is de novo. Indeed, it has long been the law in Ohio "that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284 (1944). As such, this Court now proceeds with its analysis of Phillips' assignments of error.

{¶13} On appeal, Phillips raises six assignments of error. This Court consolidates Phillips' assignments of error to facilitate review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRONEOUSLY MISAPPLIED THE "NO SET OF FACTS" STANDARDS FOR A MOTION FOR JUDGMENT UPON THE PLEADINGS UNDER CIVIL RULE 12(C)[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRONEOUSLY APPLIED THE "NO SET OF FACTS" STANDARDS FOR A MOTION FOR JUDGMENT UPON THE PLEADINGS UNDER CIVIL RULE 12(C) IN DIRECT CONTRADICTION OF CIVIL RULE 8(D) AND CIVIL RULE 7(A)[.]

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRONEOUSLY APPLIED THE "NO SET OF FACTS" STANDARDS FOR A MOTION FOR JUDGMENT UPON THE PLEADINGS UNDER CIVIL RULE 12(C) SINCE THE AFFIRMATIVE DEFENSE OF RELEASE UNDER CIVIL RULE 8(C) DOES NOT EQUIVOCALLY APPEAR SOLELY FROM THE FACE OF THE COMPLAINT[.]

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRONEOSLY APPLIED THE "NO SET OF FACTS" STANDARDS FOR A MOTION FOR JUDGMENT UPON THE PLEADINGS UNDER CIVIL RULE 12(C) SINCE THE AFFIRMATIVE DEFENSE OF

RELEASE UNDER CIVIL RULE 8(C) DOES NOT EQUIVOCALLY CONSTITUTE AN ABSOLUTE INSURMOUNTABLE BAR TO THE COMPLAINT[.]

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRONEOUSLY APPLIED THE "NO SET OF FACTS" STANDARDS FOR A MOTION FOR JUDGMENT UPON THE PLEADINGS UNDER CIVIL RULE 12(C) SINCE THE AFFIRMATIVE DEFENSE OF RELEASE UNDER CIVIL RULE 8(C) IS A FACTUAL DEFENSE SUSCEPTIBLE TO DISPUTE[,] CHALLENGE AND AVOIDANCE FOR FRAUD, MISREPRESTATION, DURESS, OR OTHER WRONGFUL ILLEGAL AND UNLAWFUL ACTIONS AND CONDUCT[.]

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT['S] ERRONEOUS APPLICATION OF THE "NO SET OF FACTS" STANDARDS FOR A MOTION FOR JUDGMENT UPON THE PLEADINGS UNDER CIVIL RULE 12(C) UNCONSTITUTIONALLY DENIES AND DEPRIVES [PHILLIPS] OF DUE PROCESS OF LAW, EQUAL PROTECTION UNDER THE LAW, AND THE "OPEN COURT" PROVISIONS[.]

{¶14} In assignments of error one through six, Phillips globally argues that the trial court erred in granting Columbia Reserve's Motion for Judgment on the Pleadings. Specifically, Phillips alleges the trial court erroneously applied the "no set of facts" standard in Civ.R. 12(C), and improperly considered the Release attached to Columbia Reserve's Answer. In so doing, Phillips suggests the trial court should not have considered Columbia Reserve's Answer, and/or the attached Release, in ruling on the Civ.R. 12(C) motion. We disagree.

### Standard of Review

{¶15} "This Court applies a de novo standard of review when reviewing a trial court's ruling on a motion for judgment on the pleadings." *Cashland Fin. Servs., Inc. v. Hoyt*, 9th Dist. Lorain No. 12CA010232, 2013-Ohio-3663, ¶ 7, citing *Moss v. Lorain Cty. Bd. Of Mental Retardation*, 9th Dist. Lorain No. 09CA009550, 2009-Ohio-6931, ¶ 8. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's

determination." *Averback v. Montrose Ford, Inc.*, 9th Dist. Summit No. 28875, 2019-Ohio-373, ¶ 31, quoting *State v. Consilio,* 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶16} Further, a motion for judgment on the pleadings is "akin to a delayed motion to dismiss for failure to state a claim." *Cashland Fin. Servs., Inc.* at ¶ 7. However, "Civ.R. 12(C) permits consideration of the ***complaint and answer***, but a Civ.R. 12(B)(6) motion must be judged on the face of the complaint alone." (Emphasis added.) *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569 (1996), citing *Burnside v. Leimbach*, 71 Ohio App.3d 399, 402, 403 (10th Dist.1991). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Pontious* at 570. In deciding a motion for judgment on the pleadings, a court reviews only the "material allegations in the pleadings[,]" and any attachments thereto. *Hoyt* at ¶ 7; *see also Padula v. Wagner*, 9th Dist. Summit No. 27509, 2015-Ohio-2374, ¶ 13, quoting Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes.").

{¶17} Thus, "Civ.R. 12(C) clearly confines the trial court's analysis to the material allegations set forth in the pleadings and any [written instrument] attach[ed] thereto, which the trial court must accept as true." (Internal quotations omitted.) *Greer v. Finest Auto Wholesale, Inc.,* 9th Dist. Summit No. 29358, 2020-Ohio-3951, ¶ 16 (Internal citations omitted.) Indeed, the Supreme Court of Ohio stated, "[a] 'written instrument' attached to a complaint or answer also qualifies as part of the pleadings for all purposes. Civ.R. 10(C). But not every document attached to a pleading constitutes a Civ.R. 10(C) written instrument. Rather, the term 'written instrument' in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties'

rights and obligations, such as negotiable instruments, insurance policies, leases, deeds, promissory notes, and contracts." (Internal quotations and citations omitted.) *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶ 17.

### Analysis of Pleadings

{¶18} For purposes of this Court's analysis, the material allegations set forth in Phillips' Complaint are: (1) Richard Beran, manager and statutory agent of Columbia Reserve, contracted with Phillips for legal services; (2) Phillips rendered legal services to Columbia Reserve with respect to the Columbia Reserve Subdivision; (3) as of July 31, 2013, Columbia Reserve owed Phillips $28,430.00 for legal services. In its Answer, Columbia Reserve admitted that it once had a contractual relationship with Phillips. However, Columbia Reserve further asserted that Phillips released Columbia Reserve from any and all liability relating to any and all legal allegations that arose from or related in any way to the allegations actually raised, or which could have been raised, in the prior Lawsuit for Legal Services.

{¶19} As this Court previously indicated, "[a] settlement agreement that is voluntarily entered into by the parties is a binding contract and is subject to enforcement under standard contract law." *111 N. Main St., Inc. v. Von Allmen Ents., L.L.C.*, 9th Dist. Summit No. 26759, 2013-Ohio-5554, ¶ 17. Thus, for purposes of Civ.R. 10(D), the Release is a written instrument properly attached to Columbia Reserve's Answer. *See State ex rel. Leneghan* at ¶ 17. The attachment of the cancelled check, a negotiable instrument, is also proper. *Id.* Importantly, in the Release, Phillips agreed to:

> irrevocably and unconditionally release, acquit and forever discharge Columbia Reserve * * * from any and all obligations arising from or relating in any way to the allegations actually raised or which could have been raised in the Lawsuit for Legal Services * * * including any and all past, present and future charges, complaints, claims, liabilities, promises, agreements, controversies, damages, actions, cause of action, suits, rights, demands, costs, losses, debts and expenses

including attorney fees and costs actually incurred of any nature whatsoever, whether known or unknown, which Phillips now has, owns, holds or claims to have owned or held or which they may at any time hereafter [own or hold] or claim to have owned or held against Columbia Reserve.

Phillips represented he fully understood the Release and had authority to sign it before a notary public.

{¶20} Based upon the pleadings and attachments thereto, even in construing the material allegations in the Complaint with all reasonable inferences to be drawn therefrom in favor of Phillips as true, this Court finds beyond a doubt that Phillips can prove no set of facts in support of the breach of contract claim for legal services that would entitle Phillips to relief.  The essential elements necessary to prove breach of contract are: (1) a contract existed, (2) the plaintiff fulfilled [its] obligations, (3) the defendant failed to fulfill [its] obligations, and (4) damages resulted from this failure. *Comstock Homes, Inc., v. Smith Family Tr.*, 9th Dist. Summit No. 24627, 2009-Ohio-4864, ¶ 7, quoting *Second Calvary Church of God in Christ v. Chomet*, 9th Dist. Lorain No. 07CA009186, 2008-Ohio-1463, ¶ 9.  Damages, therefore, are legally essential to a claim for breach of contract.  The plain and unambiguous language in the Release clearly obviates Columbia Reserve from all past, present and future liability or damages, "***actually raised or which could have been raised in the Lawsuit for Legal Services, whether known or unknown, which Phillips now has, owns, holds or claims to have owned or held or which they may at any time hereafter [own or hold] or claim to have owned or held against Columbia Reserve***." (Emphasis added.)

{¶21} Further, the Release indicated that Phillips filed lawsuits against Columbia Reserve, in 2017 and 2019, for Construction Activity Legal Services relating to the Columbia Reserve Subdivision, which is also the subject-matter of the present Complaint between the exact same parties.  Importantly, the accounting for legal services attached to Phillips' most recent Complaint,

dated July 31, 2013, was created prior to the filing of Case Nos. 17 CV 192138 and 19 CV 197673, as indicated in the Release. Obviously, Phillips had knowledge of these claims for legal services for approximately seven (7) years prior to filing the above-cited lawsuits, including the one at issue here, and executing the Release. Although Phillips' argued the Release is not a "global settlement," the plain and unambiguous language in the Release shields Columbia Reserve from the specific claims for legal services as of July 31, 2013, relating to the Columbia Reserve Subdivision, raised in Phillips' Complaint. Therefore, because there are no damages on the face of the pleadings even in construing the material allegations in the Complaint with all reasonable inferences to be drawn therefrom in favor of Phillips as true, there can be no breach of contract as a matter of law.

{¶22} For these reasons, Phillips' six assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶23} I respectfully dissent from the judgment of the majority as I would conclude that the trial court erred in granting the motion for judgment on the pleadings. Reviewing the material allegations of the complaint in a light most favorable to the nonmoving parties it cannot be said that Phillips can prove no set of facts in support of the claims that would entitle them to relief. *Lakemore v. Schell*, 9th Dist. Summit No. 29387, 2020-Ohio-4453, ¶ 11.

{¶24} Here, the language in the Release attached to the answer does not establish that Phillips would be completely unable to recover under their claims in light of the standard for judgment on the pleadings. The Release states that "Phillips performed legal services in connection with the construction activity for phases 1, 2, and 3 with respect to notices of furnishings, notices of commencements, and lien waivers for said phases ('Construction Activity Legal Services')[.]" In addition, it provides that "Phillips performed legal services in connection with the first closing of Sublots for the Columbia Reserve Subdivision ('First Closing Legal Services')[.]" The Release goes on to note that Phillips filed a legal action in 2017 for both

Construction Activity Legal Services, "per Exhibit A" and for First Closing Legal Services, "per Exhibit B[.]" Collectively, the Construction Activity Legal Services and First Closing Legal Services are referred to as "Legal Services" in the Release. Neither Exhibit A nor Exhibit B were appended to the Release attached to the answer. The Release indicated that the 2017 lawsuit was dismissed and that, in 2019, Phillips refiled the lawsuit. In the Release, both suits are referred to as "Lawsuit[.]" The Release represented the parties' desire "to resolve Phillips' claims against Columbia Reserve, and any claims that Columbia Reserve could assert against Phillips arising out of the aforementioned circumstances in the Lawsuit for Legal Services." Phillips' release was a release of

> any and all obligations arising from or relating in any way to the allegations actually raised or which could have been raised in the Lawsuit for Legal Services except as specifically provided for herein including any and all past, present and future charges, complaints, claims, liabilities, promises, agreements, controversies, damages, actions, cause of action, suits, rights, demands, costs, losses, debts and expenses including attorney fees and costs actually incurred of any nature whatsoever, whether known or unknow, which Philips now has, owns or holds or claims to have owned or held or which they may at any time hereafter owned or held or claim to have owned or held against Columbia Reserve.

Phillips further warranted that the Release "evidence[d] a full and final settlement of any and all past, present, and future claims by Phillips against Columbia Reserve, relating in any way to the claims released herein which were and remain disputed as to liability and amount * * *."

{¶25} Thus, the Release establishes that Philips released "any and all obligations arising from or relating in any way to the allegations actually raised or which could have been raised in the Lawsuit for Legal Services * * *." Here, from a review of the complaint and attachments thereto, it cannot be said whether the damages Phillips sought were the same as the damages mentioned in the Release. Nor can it be determined whether the claims Phillips now raise could have been brought in the other suits. Construction Activity Legal Services and First Closing

Legal Services, which compromise "Legal Services" in the Release, are specifically defined but absent a review of "Exhibit A" or "Exhibit B" it is unclear what they encompass. The legal services that are outlined in the attachment to Phillips' complaint are extensive. Simply put, there are not enough facts in the pleadings to demonstrate that Phillips' recovery is barred. This is not to say Phillips will ultimately be successful; instead, I would merely conclude judgment on the pleadings is not the appropriate vehicle for resolving this litigation.

APPEARANCES:

GERALD W. PHILLIPS, pro se, for Appellants.

DANIEL F. LINDNER, Attorney at Law, for Appellee.